UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRAN JANIK and STEVEN HIRSCH<br><br>                                       Plaintiffs,<br><br>    - against -<br><br>SPIN MEDIA LLC<br><br>                                       Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Frank Janik ("Janik") and Steven Hirsch ("Hirsch"), or collectively "Plaintiffs", by and through their undersigned counsel, as and for their Complaint against Defendant Spin Media LLC ("SpinMedia" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of Spin Magazine owner Bob Guccione, Jr. and Brandon Kiehm, owned and registered by Plaintiffs, professional photojournalists. Accordingly, Plaintiffs seek monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Janik is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 501 Melis Road, Jamaica, VT 05343.

6. Hirsch is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 280 East 10th Street, Apt. 29, New York, NY 10009. Hirsch's photographs have appeared in many publications around the United States.

7. Upon information and belief, SpinMedia is a limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 276 Fifth Avenue, 7th Floor, New York, NY 10001. SpinMedia is registered with the New York Department of State to transact business in New York and has a Registered Agent in New York. At all times material hereto, Defendant has owned and operated the following websites at URLs: http://www.thefrisky.com, http://www.spin.com.

## STATEMENT OF FACTS

**A. Background and Plaintiffs' Ownership of the Photographs**

8. In the 1980's, Janik photographed the owner of Spin Magazine, Bob Guccione Jr., and the eldest son of Penthouse magazine founder Bob Guccione ("Guccione Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. Janik is the author of the Guccione Photograph and has at all time been the sole owner of all right, title and interest in and to the Guccione Photograph, including the copyright thereto.

10. The Guccione Photograph has a pending United States Copyright Registration. A copy of which is attached hereto as Exhibit B.

11. On or about February 16, 2016, Hirsch photographed Brandon Kiehm who was accused of stealing thousands of dollars from a woman he met on Tinder ("Kiehm Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit C.

12. Hirsch then licensed the Photograph to The New York Post. On February 16, 2016, The New York Post ran an article that features the Photograph on its web edition entitled, *Jerk faked family's cancer to get $26k from women on Tinder*. See http://nypost.com/2016/02/16/jerk-faked-familys-cancer-to-get-26k-from-women-on-tinder/ Hirsch's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph on the article is attached here to as Exhibit D.

13. Hirsch is the author of the Kiehm Photograph and has at all times been the sole owner of all right, title and interest in and to the Kiehm Photograph, including the copyright thereto.

14. The Kiehm Photograph is registered with the United States Copyright Office and was given registration number VA 2-003-602.

**B.     Defendant's Infringing Activities**

15.     Upon information and belief, on or about April 19, 2010, Spin ran an article on one of its websites, www.spin.com, entitled *Bob Guccione, Jr., Discusses Starting SPIN Magazine*.  See http://www.spin.com/2010/04/bob-guccione-jr-discusses-starting-spin-magazine. Upon information and belief, on or about June 26, 2015, Spin ran an article on one of its websites, www.spin.com, entitled *Ask SPIN Founder Bob Guccione Jr. Anything*.  See http://www.spin.com/2015/06/spin-founder-bob-guccione-jr-reddit-ama. The articles prominently featured the Guccione Photograph. A screen shot of the articles are attached hereto as Exhibit E.

16.     Spin did not license the Guccione Photograph from Janik for its articles, nor did Spin have Janik's permission or consent to publish the Guccione Photograph on its Website.

17.     Upon information and belief, on or about February 18, 2016, Spin ran an article its website, www.thefrisky.com, entitled *SWIPE LEFT: Tinder Dirtbag Scammed Women Fro $26,000 With Fake Cancer Claims*.  See http://www.thefrisky.com/2016-02-18/swipe-left-tinder-dirtbag-scammed-women-for-26000-with-fake-cancer-claims/. The article prominently featured the Kiehm Photograph. A screen shot of the article is attached hereto as Exhibit F.

18.     Spin did not license the Kiehm Photograph from Hirsch for its article, nor did Spin have Hirsch's permission or consent to publish the Kiehm Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST SPIN)**
**(17 U.S.C. §§ 106, 501)**

19.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-18 above.

20. Spin infringed Plaintiffs' copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Spin is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

21. The acts of Defendant complained of herein constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

22. Upon information and belief, the foregoing acts of infringement by Spin have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' rights.

23. As a direct and proximate cause of the infringement by the Defendant of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

24. Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Kiehm Photograph, pursuant to 17 U.S.C. § 504(c).

25. Plaintiffs further are entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

26. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiffs has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST SPIN**
**(17 U.S.C. § 1202)**

27. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-26 above.

28. The Photographs contained copyright management information protected under 17 U.S.C. § 1202(b).

29. Upon information and belief, in its articles on its Websites, Spin intentionally and knowingly removed copyright management information identifying each Plaintiff as the photographer of each respective Photograph.

30. The conduct of Spin violates 17 U.S.C. § 1202(b).

31. Upon information and belief, Spin's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiffs.

32. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Spin intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiffs' copyrights in the Photographs. Spin also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiffs' copyrights in the Photographs.

33. As a result of the wrongful conduct of Spin as alleged herein, Plaintiffs are entitled to recover from Spin the damages, that they sustained and will sustain, and any gains, profits and advantages obtained by Spin because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

34. Alternatively, Plaintiffs may elect to recover from Spin statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests judgment as follows:

1. That Defendant Spin be adjudged to have infringed upon Plaintiffs' copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Spin be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiffs be awarded either: a) Plaintiffs' actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiffs' Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiffs be awarded either: a) Plaintiffs' actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiffs be awarded their costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiffs be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 20, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiffs Fran Janik and Steven Hirsch*