UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRAN JANIK and STEVEN HIRSCH,

        Plaintiffs,

 - against -

SMG MEDIA, INC.

        Defendant.

Docket No. _____

JURY TRIAL DEMANDED

# FIRST AMENDED COMPLAINT

Plaintiffs Fran Janik ("Janik") and Steven Hirsch ("Hirsch") or collectively "Plaintiffs", by and through his undersigned counsel, as and for their Complaint against Defendant SMG Media, Inc., ("SMG" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of Spin Magazine owner Bob Guccione, Jr., owned and registered by Janik, a Vermont based photographer, and Brandon Kiehm, owned and registered by Hirsch, a New York City based photojournalist. Accordingly, Plaintiffs seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Janik is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 501 Melis Road, Jamaica, VT 05343. Janik's photographs have appeared in many publications around the United States.

6. Hirsch is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 280 East 10th Street, Apt. 29, New York, New York 10009. Hirsch's photographs have appeared in many publications around the United States.

7. Upon information and belief, SMG is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 276 5th Avenue, Suite 711, New York, New York 10001. At all times material hereto, SMG has owned and operated the following websites at the URLs: www.thefrisky.com and www.spin.com (the "Websites").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photographs**

8. In the 1980's Janik photographed the owner of Spin Magazine, Bob Guccione Jr., the eldest son of Penthouse magazine founder Bob Guccione ("Guccione Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. Janik is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the Copyright Office and was given Copyright Registration number VAu 1-259-826.

11. On or about February 16, 2016, Hirsch photographed Brandon Kiehm who was accused of stealing thousands of dollars from a woman he met on Tinder ("Kiehm Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit B.

12. Hirsch then licensed the Photograph to the New York Post. On February 16, 2016, The New York Post ran an article that features the Photograph on its web edition entitled *Jerk faked Family's Cancer to get $26k from women on Tinder*. See http://nypost.com/2016/02/16/jerk-faked-familys-cancer-to-get-26k-from-women-on-tinder/. Hirsch's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph on the article is attached hereto as Exhibit C.

13. Hirsch is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

14. The Photograph was registered with the Copyright Office and was given Copyright Registration number VA 2-003-602.

**B.    Defendant's Infringing Activities**

15. Upon information and belief, on or about April 19, 2010, SMG ran an article on Spin.com entitled *Bob Guccione, Jr. Discusses Starting SPIN Magazine.* See http://www.spin.com/2010/04/bob-guccione-jr-discusses-spin-magazine/. Upon information and belief, on or about June 26, 2015, Spin ran another article entitled *Ask SPIN*

*Founder Bob Gucione Jr. Anything*. See http://www.spin.com/2015/06/spin-founder-bob-guccione-jr-reddit-ama/. The articles prominently featured the Guccione Photograph. A true and correct copy of the articles are attached hereto as Exhibit D.

16. SMG did not license the Guccione Photograph from Plaintiff for its articles, nor did SMG have Plaintiff's permission or consent to publish the Photograph on its Website.

17. Upon information and belief, on or about February 18, 2016, SMG ran an article on their Website www.TheFrisky.com, entitled *SWIPE LEFT: Tinder Dirtbag Scammed Women For $26,000 With Fake Cancer Claims*. See http://www.thefrisky.com/2016-02-18/swipe-left-tinder-dirtbag-scammed-women-for-26000-with-fake-cancer-claims/. The article prominently featured the Kiehm Photograph. A screen shot of the article is attached hereto as Exhibit E.

18. SMG did not license the Kiehm Photograph from Plaintiff for its article, nor did SMG have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST SMG)**
**(17 U.S.C. §§ 106, 501)**

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20. SMG infringed Plaintiffs copyright in the Photographs by reproducing and publicly displaying the Photographs on the Websites. SMG is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

21. The acts of Defendant complained of herein constitute infringement of Plaintiffs copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

22. Upon information and belief, the foregoing acts of infringement by SMG have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

23. As a direct and proximate cause of the infringement by the Defendant of Plaintiffs copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

24. Alternatively, Plaintiffs are entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

25. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

26. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST SMG**
**(17 U.S.C. § 1202)**

27. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-26 above.

28. The Photographs contained copyright management information.

29. The conduct of SMG violates 17 U.S.C. § 1202(b).

30. Upon information and belief, SMG copied the Photographs onto the Website without the copyright management information. The falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiffs.

31. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by SMG intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiffs copyrights in the Photographs. SMG also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiffs copyrights in the Photographs.

32. As a result of the wrongful conduct of WMG as alleged herein, Plaintiffs are entitled to recover from SMG the damages, that they sustained and will sustain, and any gains, profits and advantages obtained by SMG because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

33. Alternatively, Plaintiffs may elect to recover from WMG statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests judgment as follows:

1. That Defendant SMG be adjudged to have infringed upon Plaintiffs copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant SMG be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiffs be awarded either: a) Plaintiffs actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiffs Photographs; or b) alternatively, statutory damages of up to $150,000 per copyright copyrighted work infringed pursuant to 17 U.S.C. §504;

4. That, with regard to the Second Claim for Relief, Plaintiffs be awarded either: a) Plaintiffs actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiffs be awarded their costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiffs be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
March 7, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiffs Fran Janik and Steven Hirsch*