

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

May 4, 2017

**BY ECF**

Hon. Andrew J. Peck
Magistrate Judge
United States District Court for the Southern
District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Janik v. SMG Media, Inc., No. 16-cv-7308 (JGK)(AJP) - Rule 37.2 Letter
      Requesting Pre-Motion Conference Re Discovery Dispute

Dear Judge Peck:

We are counsel for Defendant SMG Media, Inc. We submit this letter pursuant to Local Rule 37.2. Defendant respectfully requests a pre-motion conference, at the Court's earliest available date, to resolve the discovery disputes described below. Although counsel for Defendant has offered on multiple occasions to meet and confer with counsel for Plaintiffs, no meet and confer has taken place. Instead, counsel for Plaintiffs on multiple occasions has promised to amend Plaintiff's discovery responses to withdraw meritless objections and to produce all responsive documents. However, those promises remain unfulfilled. Because the parties have depositions scheduled on May 12, 17 and 19, and fact discovery closes on May 24, 2017, it is critical that Plaintiffs be compelled by the Court to immediately produce proper interrogatory responses and all responsive documents.[1]

**Background**

After improper service of the wrong party by Plaintiff and default judgment motion practice, Your Honor issued a Scheduling Order in this case on February 24, 2017. At that time, my firm had not yet been retained by Defendant. After Plaintiff amended his complaint to name the current Defendant, my firm appeared and answered the amended complaint on March 22, 2017.

On March 24, 2017, Defendant served its first set of interrogatories and first set of document requests. *See* Exhibits A, B and C. Plaintiff served objections and responses on April 24, 2017.

---

[1] Plaintiffs' responses to Defendant's second set of discovery requests are due on May 15, 2017. Defendant is concerned that, given Plaintiffs' approach to responding to the first set of requests, Plaintiffs will again serve boilerplate objections and deny Defendant of the ability to question Plaintiffs regarding the responses to the second set of discovery at the May 17 and 19 depositions.



Hon. Andrew J. Peck
May 4, 2017
Page 2

*See* Exhibits D, E and F.  Aside from the copyright registrations already attached to the complaint as exhibits, Plaintiff failed to produce any documents.  Plaintiff also asserted boilerplate objections to *every* discovery request.  Not one interrogatory was responded to with any real substance.

On April 26, 2017, I wrote Plaintiffs' counsel, Richard Liebowitz, to inform him that we viewed his objections as improper and meritless and that, unless he agreed to withdraw the objections and to timely produce all responsive documents, the parties would need to meet and confer regarding the issues in advance of motion practice.  My email stated as follows:

> Richard,
>
> The objections and responses that you served to our discovery requests in the Janik v. SMG case are baseless and deficient.  They do not comply with your obligations under the Federal Rules of Civil Procedure. The objections are boilerplate and lack any specific explanations connected to the actual requests in almost every instance.  For example, you do not explain what you claim to be vague and ambiguous about the requests. You also provide no specifics regarding the purported burden involved with compliance.  All of the requests call for relevant information that my clients are entitled to obtain in discovery.
>
> Accordingly, please agree to immediately withdraw the objections and provide proper responses and documents. If you do not so agree, please provide me with dates and times at which you are available to meet and confer.  If you stand by these objections, we will take the matter expeditiously to Judge Peck for resolution.  We also reserve the right to seek sanctions against your firm under Rule 37.  There is no time in the schedule to waste on these meritless objections.
>
> Regards,
>
> Matt

Two days later, on April 28, 2017, Mr. Liebowitz had not responded to my email regarding these deficiencies.  I wrote him again on that date, and his associate responded that Plaintiffs "will provide revised responses and responsive non-privileged documents by Tuesday, May 2, 2017." I responded by email that day as follows:  "If you do not intend for the supplemental responses to fully answer the interrogatories and produce all responsive documents, please let me know now so that we can meet and confer to work out any disputes in advance and avoid additional delay."

Notwithstanding Plaintiffs' counsel's promise, Plaintiffs did not serve amended responses or produce documents on May 2.  The next morning, on May 3, 2017, I again emailed Plaintiffs' counsel to request an explanation.  In response, Mr. Liebowitz wrote to promise to send me the amended responses and documents by midnight.  At this time, Plaintiffs have not sent me any amended responses or documents.



Hon. Andrew J. Peck
May 4, 2017
Page 3

**Discovery Disputes**

The discovery requests at issue, which are attached hereto as Exhibits A and B, seek information and documents that are relevant and necessary to Defendant's defense of the case. The requested documents and information include without limitation:

Information Regarding Plaintiff Fran Janik's Employment By SPIN Magazine

Mr. Janik was the Director of Photography for SPIN Magazine at the time that he took the allegedly infringing Guccione Photograph. Defendant intends to prove that the copyright to the photograph accordingly either belongs to SMG (or its successor in interest, Prometheus Global Media) or was licensed by Mr. Janik for all uses, including the allegedly infringing uses at issue in this case. However, Mr. Janik has refused to produce any documents regarding his employment by SPIN or any communications with SPIN and Mr. Guccione Jr., who was SPIN's CEO and the subject of the allegedly infringed photograph.

Information Regarding the Creation Of The Allegedly Infringed Photographs

To establish a *prima facie* case of copyright infringement, Plaintiffs must establish that the allegedly infringed photographs are copyrightable and that Plaintiffs are the authors and owners thereof. *See Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 345 (1991). Defendant requested information and documents regarding Plaintiffs' alleged creation of the photographs at issue. They have refused to provide it.

Information Regarding Prior Uses And Licensing Of Plaintiffs' Photographs

Defendant intends to prove, assuming *arguendo* that any copyright infringement occurred, which it did not, that the actual damages available to Plaintiffs in this case are below $200.00 per use. Accordingly, Defendant requested information and documents concerning Plaintiffs' licensing activities and all uses of the allegedly infringed photographs on Internet websites.

Defendant also intends to prove that the photograph taken by Plaintiff Hirsch was unpublished at the time he obtained a copyright registration. If the photograph was unpublished, Mr. Hirsch will be unable to obtain statutory damages or attorneys' fees in the case because the alleged infringement began prior to his date of registration. *See* 17 U.S.C. § 412. Accordingly, Defendant requested all evidence that the photograph was published prior to that date.[2]

Plaintiffs have refused to produce documents and information about their licensing activities or uses or publications of the photographs on websites and by persons other than Defendant.

---

[2] It is clear from the facts that Plaintiff Janik's allegedly infringed photograph was not registered prior to commencement of the alleged infringement.

Information And Documents Plaintiffs Intend To Rely On In the Lawsuit

It should go without saying that Defendant is entitled to all documents and facts that Plaintiff's intend to rely on in the case when such documents and information are requested in proper discovery requests. However, Plaintiffs have refused to respond to proper requests for the facts and also refused to produce documents.

Plaintiffs' Retainer Agreements With The Liebowitz Law Firm

Plaintiffs are seeking recovery of attorneys' fees in this case. However, they have refused to produce their agreements with counsel based on an objection that the agreements are privileged and that the production would somehow violate "confidentiality owed to third parties."

In cases where attorneys' fees are put at issue through a request for fee shifting by the Court or otherwise, it is common for client engagement agreements to be produced. *See Chevron Corp. v. Salzar*, 2011 U.S. Dist. LEXIS 92628, at *3 (S.D.N.Y Aug. 16, 2011) ("Retainer agreements, fee records, and arrangements for financing litigation are not in themselves privileged or subject to the work product doctrine."); *Sony Corp. of Am. v. Soundview Corp. of Am.*, 2001 U.S. Dist. LEXIS 23220, at *14-17, 61 U.S.P.Q.2d 1538, 1541 (D. Conn. Oct. 23, 2001) ("revealing an attorney-client fee arrangement with his attorney does not prejudice those confidential communications necessary to obtain informed legal advice and advocacy").

**Conclusion**

Given the very short amount of time remaining in the fact discovery period and the boilerplate nature of Plaintiffs' clearly improper objections, Defendant respectfully requests a telephonic hearing with Your Honor at the earliest available date to resolve these issues. Defendant also requests, under Rule 37, that the Court order The Liebowitz Law Firm, PLLC to pay Defendant's fees for preparing this letter.

Respectfully submitted,


/s/J. Matthew Williams
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP



cc:     Christine Lepera, Esq.
        Richard Liebowitz, Esq.

8845010.1/48203-00001