UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FRAN JANIK and STEVEN HIRSCH, | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:16:cv-07308-JGK-AJP |
| v. | ) ) ) ) | **FIRST SET OF INTERROGATORIES TO FRAN JANIK** |
| SMG MEDIA, INC., | ) ) ) | |
| Defendant. | ) ) | |

Pursuant to Federal Rule of Civil Procedure 33 and the Local Rules of the Southern District of New York, Defendant SMG Media, Inc. ("SMG"), by and through its attorneys, hereby requests that Plaintiff Fran Janik produce, to the office of Mitchell, Silberberg & Knupp LLP, 12 East 49th Street – 30th Floor, New York, New York 10017-1028, responses to the below interrogatories within thirty days.

## INSTRUCTIONS

1.  If, in responding to an interrogatory, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.  Whenever an interrogatory asks you to identify a document or communication which is deemed by you to be properly withheld from production for inspection or copying:

    A.  If you are withholding the document or communication under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document or communication, the general

subject matter of the document or communication, the date of the document or communication, and such other information as is sufficient to identify the document or communication, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable Defendant to assess the applicability of the privilege or protection claimed by you;

B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph (2.A), above, state the reason for withholding the document.

3. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. If a response to any interrogatory is objected to on the grounds that production is unduly burdensome, describe with specificity the burden or expense of the proposed discovery. No part of an interrogatory should be left unanswered merely because an objection is interposed

to another part of the interrogatory.  If a partial or incomplete answer is provided, you shall state that the answer is partial or incomplete.

5. These requests are continuing requests and require further and supplemental production and responses by you as, and whenever, you locate, produce, create or acquire additional information or documents covered by these requests between the time of initial production hereunder and the trial in this action.

6. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the specific paragraph(s) of these requests to which they are responsive.  Specifically, in producing the documents requested herein, produce the documents in their original file folder, or, in lieu thereof, attach to the set of documents produced from a given file a photographic or electrostatic duplicate of all written or printed materials on the original file folder.  The integrity and internal sequence of the requested documents within each file folder shall not be disturbed.  Under no circumstances shall documents from one file folder be commingled with documents from any other file folder.  Documents attached to each other shall not be separated.

7. If a document responsive to these requests is no longer in your possession, custody or control, please indicate the disposition of each such document, and, if known, state the name and address of the person or entity currently in possession, custody or control of such document.  When referring to any such document, please indicate: (i) the type of document; (ii)

3

the general subject matter; (iii) date; (iv) author; (v) signatory; and (vi) recipients of the original and all copies.

8.  In the event that any document called for by these requests has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including the following information: (i) date of disposal; (ii) manner of disposal; (iii) reason for disposal; (iv) person authorizing disposal; and (v) person disposing of the document.

9.  If you elect to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit Defendant to locate and identify, as readily as you can, the business records from which the answer may be ascertained.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules. As used herein, the following terms are to be interpreted in accordance with these definitions:

1.  Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.  Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.  Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and

when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

5. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8. The following rules of construction apply to all discovery requests: (1) The terms "all," "any," and "each" shall each be construed as encompassing any and all. (2) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed

to be outside of its scope. (3) The use of the singular form of any word includes the plural and vice versa.

9.   SPIN refers to Defendant, SpinMedia Group, and any and all predecessor, successor, parent companies, or affiliated companies.

## INTERROGATORIES

1.   State all facts concerning your employment, hiring, retention and work for SPIN, including the related associated time period(s) and all payments received by you from SPIN.

2.   State all facts concerning your alleged creation of the Guccione Photograph, including all persons with related knowledge.

3.   State all facts that support your allegation that "acts of infringement by SMG have been willful, intentional, and purposeful, in disregard and indifference to Plaintiff's rights."

4.   State the amount of every license granted by Janik for use of any photograph taken by Janik on any website and identify the name of the website and the licensee.

5.   Identify the date on which you first became aware of the display of the Guccione Photograph on spin.com.

6.   State all facts that support the allegation that copyright management information was removed from the Guccione Photograph.

7.   Identify all communications with SPIN concerning the Guccione Photograph and describe with specificity the subject matter of the communications.

8.   Identify every instance that you are aware of in which a photograph taken by Janik has been displayed on any website, including without Janik's authorization.

6

9. Identify every instance in which Janik has sued or threatened to sue any person for copyright infringement.

10. State the amount of money Janik believes would constitute a reasonable licensing fee for the allegedly infringing uses of the Guccione Photograph.

11. Identify all persons with knowledge of any of the allegations in the complaint in this lawsuit.

DATED: March 24, 2017

By: /s/ J. Matthew Williams
J. Matthew Williams
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street, NW, 8th Floor
Washington, DC
Tel: (202) 355-7900
Fax: (202) 355-9894
Email: mxw@msk.com

Christine Lepera
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street – 30th Floor
New York, New York 10017-1028
Tel: (212) 509-3900
Fax: (212) 509-7239
Email: ctl@msk.com

*Attorneys for Defendant*