**UNITED STATES DISTRICTCOURT**
**SOUTHERN DISTRICT OF NEW YORK**

FRAN JANIK and STEVEN HIRSCH,

                Plaintiffs,

- against -

SMG MEDIA, INC.,,

                Defendant.

1:16 Civ. 7308 (JGK) (AJP)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**

Plaintiffs Fran Janik ("Janik") and Steven Hirsch ("Hirsch") or collectively Plaintiffs hereby respond and object to Defendant SMG Media, Inc. ("SMG") First Set of Document Requests, dated March 24, 2017, pursuant to Federal Rules of Civil Procedure Rules 26 and 34, as well as Local Civil Rules of the United States District Court for the Southern District of New York.

GENERAL OBJECTIONS

Plaintiffs makes the following General Objections to Defendant's Requests.   These General Objections and Specific Objects do not have the effect of waiving each other.

1. Plaintiffs object to Requests that are redundant and have already been provided.

2. Plaintiffs object to vague, overbroad, irrelevant request that are not tailored to the issues and subject matter of this litigation.

3. Plaintiffs object to Requests for documents they have no possession, control or access of.

4. Plaintiffs object to Requests for documents where they owe a duty of confidentiality to a non-party, including contracts, agreements, licenses and payments thereupon.

5. Plaintiffs object to requests for speculative production, including estimates for loss of opportunity and catchall requests intended to circumvent tailoring its requests.

6. Plaintiffs object that they do not waive any objections even if they chose to provide responses to the Defendant's requests. All responses are subject to General and Specific objections stated herein.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST No.

    1.    All documents concerning the Guccione Photograph, including all licensing agreements concerning the Guccione Photograph, all documents concerning the copyright registration of the Guccione Photograph, and all documents concerning the display of the Guccione Photograph on any website (including spin.com).

RESPONSE: OBJECTION. This request is overbroad, vague, ambiguous and unduly burdensome. This request is not tailored to any defense or claim, nor is it proportional to the needs of the case. Documents responsive to the request have already been attached as exhibits to the Complaint. Subject to and without waiving the objections stated herein, Plaintiffs produce non-privileged documents to this request at FJ001-FJ002.

REQUEST No.

    2.    All documents concerning the Kiehm Photograph, including all licensing agreements concerning the Kiehm Photograph, all documents concerning the copyright registration of the Kiehm Photograph, and all documents concerning the display of the Kiehm Photograph on the nypost.com website and on any other website (including thefrisky.com).

RESPONSE: OBJECTION. This request is overbroad, vague, ambiguous and unduly burdensome. This request is not tailored to any defense or claim, nor is it proportional to the needs of the case. Documents responsive to the request have already been attached as exhibits to

the Complaint. Subject to and without waiving the objections stated herein, Plaintiffs produce non-privileged documents to this request at FJ003-FJ004.

REQUEST No.

    3.    All licensing agreements concerning any photograph(s) taken by Janik for the right to display the photograph(s) on any website.

RESPONSE: This request is overbroad, vague, ambiguous and unduly burdensome. This request is not tailored to any defense or claim, nor is it proportional to the needs of the case. Subject to and without waiving the objections stated herein, no further response is required at this time.

REQUEST No.

    4.    All licensing agreements concerning any photograph(s) taken by Hirsch for the right to display the photograph(s) on any website.

RESPONSE: OBJECTION. This request is overbroad, vague, ambiguous and unduly burdensome. This request is not tailored to any defense or claim, nor is it proportional to the needs of the case. Subject to and without waiving the objections stated herein, no further response is required at this time.

REQUEST No.

5.    All documents concerning this lawsuit.

RESPONSE: OBJECTION. This overbroad and unduly burdensome. This request is not tailored to any specific defense or claim. Subject to and without waiving the objections stated herein, no further response is required at this time. Plaintiffs reserve the right to supplement this response.

It concerns duties of confidentiality to third-parties.  Plaintiff does not keep documents responsive to this request in the ordinary course of business.  Subject to and without waiving the foregoing objections, Plaintiff is not in possession to responsive documents.  Plaintiff reserves the right to supplement this response should more responsive documents become available.

REQUEST No.

6. All settlement agreements entered by Janik and/or Hirsch concerning any claims of copyright infringement and/or removal of copyright management information.

RESPONSE:  OBJECTION.  This request is overbroad, unduly burdensome.  It is not proportional to the needs of the case, nor is it relevant to any claim or defense.  It also concerns duties of confidentiality to third-parties. Subject to and without waiving the foregoing objections, no further response is required.

REQUEST No.

7. All documents concerning Janik being employed by, hired by, or contracted to perform services for SPIN.

RESPONSE:  OBJECTION.  This request is vague, ambiguous, overbroad and unduly burdensome.  Subject to and without waiving the objections stated herein, Plaintiff is not in possession of documents responsive to this request.

REQUEST No.

8. Documents sufficient to show every instance of publication of the Guccione Photograph.

RESPONSE:  OBJECTION.  This request is overbroad and unduly burdensome.  This request is not proportional to the needs of the case, nor is it related to any claim or defense.  Subject to and without waiving the objections stated herein, Plaintiffs are not in possession of documents

4

responsive to this request. Plaintiff reserves the right to supplement this request should responsive documents become available.

REQUEST No.

9. Documents sufficient to show every instance of publication of the Kiehm Photograph.

RESPONSE: OBJECTION. This request is overbroad and unduly burdensome. This request is not proportional to the needs of the case, nor is it related to any claim or defense. Subject to and without waiving the objections stated herein, Plaintiffs have already produced documents responsive to this request as Exhibits to the Complaint.

REQUEST No.

10. All documents that support the allegation that copyright management information was removed from the Guccione Photograph.

RESPONSE: OBJECTION. This request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiffs reserve the right to supplement this response.

REQUEST No.

11. All documents that support the allegation that copyright management information was removed from the Kiehm Photograph.

RESPONSE: OBJECTION. The request is overbroad, unduly burdensome. Responsive documents have already been provided to the Defendant as exhibits to the Complaint. Subject to and without waiving the foregoing objections, no further response is required at this time.

REQUEST No.  12. All documents concerning Bob Guccione Jr.

5

RESPONSE:  OBJECTION.  The request is vague, ambiguous, overbroad and unduly burdensome.  This request is not tailored to any defense or claim and is not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, Plaintiff does not possess any documents responsive to this request.

REQUEST No. 13.   All documents concerning Brandon Kiehm.

RESPONSE:  OBJECTION.  The request is vague, ambiguous, overbroad and unduly burdensome.  This request is not tailored to any defense or claim and is not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, Plaintiff does not possess any documents responsive to this request.

REQUEST No. 14.   The engagement agreement between Janik and The Leibowitz Law Firm, PLLC.

RESPONSE: OBJECTION.  This request is overbroad and unduly burdensome.  It is not proportional to the needs of the case, nor is it related to any specific claim or defense.  It further violates attorney–client privilege, and confidentiality owed to 3rd parties.   Subject to and without waiving the foregoing objections, no further response is required.

REQUEST No. 15.   The engagement Agreement between Hirsch and the Leibowitz Law Firm, PLLC.

RESPONSE: OBJECTION.  This request is overbroad and unduly burdensome.  It is not proportional to the needs of the case, nor is it related to any specific claim or defense.  It further violates attorney–client privilege, and confidentiality owed to 3rd parties.   Subject to and without waiving the foregoing objections, no further response is required.

REQUEST No.

16.     All communications between Janik and SPIN.

RESPONSE: OBJECTION.  This request is overbroad and unduly burdensome.  It is not proportional to the needs of the case, nor is it related to any specific claim or defense.  Furthermore, Defendant has the same access to communications or can obtain them as cheaply or easily as the Plaintiff.   Subject to and without waiving the foregoing objections, no further response is required.

REQUEST No. 17.   All communications between Hirsch and SPIN.

RESPONSE: OBJECTION.  This request is overbroad and unduly burdensome.  It is not proportional to the needs of the case, nor is it related to any specific claim or defense.  Furthermore, Defendant has the same access to communications or can obtain them as cheaply or easily as the Plaintiff.   Subject to and without waiving the foregoing objections, no further response is required.

REQUEST No. 18.    All communications between Hirsch and the New York Post.

RESPONSE: OBJECTION.  This request is overbroad and unduly burdensome.  It is not proportional to the needs of the case, nor is it related to any specific claim or defense.  It also entails violating a duty of confidentiality to a third party.  Subject to and without waiving of the foregoing objections, Plaintiff reserves the right to supplement this response should documents become available.

REQUEST No.

19.     All documents referenced in the interrogatory responses of Janik and/or Hirsch.

RESPONSE: OBJECTION.  This is overly broad and unduly burdensome and redundant.  Subject to and without waiving the foregoing objections, no further response is required at this

7

time. Plaintiffs reserve the right to supplement should more responsive documents become available.

REQUEST No.

20. All documents referenced in your initial disclosures or that you will rely on to support your claims.

RESPONSE: OBJECTION. This is overbroad and unduly burdensome. It is intended as a catchall and is not tailored to any particular defense or claim. Subject to and without waiving of the foregoing objections, no further response is required. Plaintiffs reserve the right to supplement this response should responsive documents become available.

DATED: April 24, 2017            Respectfully Submitted,
      Valley Stream, NY

                                           /s/Richard Liebowitz
                                           Richard P. Liebowitz
                                           Yekaterina Tsyvkin
                                           Liebowitz Law Firm
                                           11 Sunrise Plaza, Suite 305
                                           Valley Stream, NY 11580
                                           (516)233-1660
                                           rl@liebowitzlawfirm.com

                                           *Attorneys for Christopher Plaintiffs*