**UNITED STATES DISTRICTCOURT
SOUTHERN DISTRICT OF NEW YORK**

FRAN JANIK and STEVEN HIRSCH,

                Plaintiffs,

- against -

SMG MEDIA, INC.,

                Defendant.

16 Civ. 7308(JGK)(AJP)

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Plaintiff, Fran Janik, hereinafter referred to as Janik, under threat of penalty of perjury, hereby answers and objects to Defendant SMG Media, Inc., hereinafter SMG, First Set of Interrogatories dated March 24, 2017 (each, an "Interrogatory" and collectively, the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories. The General Objections apply to each of the Interrogatories, set forth immediate below, and are incorporated therein by reference. The assertion of the same, similar, or additional objections in response to specific Interrogatories does not waive any of the Plaintiff's General Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Defendant is entitled to any response more specific than provided:

1. Plaintiff objects to the Instructions, Definitions, and Interrogatories to the extent they purport to impose on Plaintiff duties or obligations beyond, or inconsistent with, those set

forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. R. 33(a) and Local Rule 33.3.

2. Plaintiff objects to the Interrogatories to the extent they seek information outside the scope of this proceeding. Plaintiff further objects to the Interrogatories to the extent that they seek information that is neither relevant to the claims or defenses of any party, within the meaning of Fed. R. Civ. P. 26 (b), nor proportional to the needs of the case.

3. Plaintiff objects to the Interrogatories to the extent that they seek information that is not within Plaintiff's possession, custody, or control.

4. Plaintiff objects to the Interrogatories to the extent that they seek information already in the possession, custody, or control of Defendant and/or its counsel; or which is in the possession, custody, or control of third parties; or that is publicly available.

5. Plaintiff objects to the Interrogatories to the extent they seek answers that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Defendant as for Plaintiff, consistent with Fed. R. Civ. P. 33(d).

6. Plaintiff objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection from discovery. Such information shall not be provided in response to Defendant's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7. Plaintiff objects to each Interrogatory to the extent that it seeks information that is subject to a confidentiality obligation owed to a non-party to this proceeding. Plaintiff will attempt to obtain permission of any such non-party to disclose such information.

8. Plaintiff objects to each Interrogatory as being vague, ambiguous, overly broad and unduly burdensome and not proportional to the needs of the case. To the extent Plaintiff attempts to respond to portions of an Interrogatory that are vague or ambiguous, Plaintiff will make a good faith effort to interpret each Interrogatory.

9. Plaintiff object to the extent the Interrogatories are not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10. Plaintiff objects to the Interrogatories to the extent that they assume disputed facts or legal conclusions in defining the information requested. Plaintiff denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Plaintiff to any such Interrogatory is without prejudice to this objection.

11. In providing responses to the Interrogatories, Plaintiff does not waive and expressly reserve all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as objections to any other discovery notices.

12. These responses are based on Plaintiff's present knowledge, information, and belief. Plaintiff reserves the right to modify or supplement these responses and objections as discovery proceeds in this action.

## SPECIFIC OBJECTIONS AND RESPONSES

Without waiver of, or prejudice to, any of its General Objections, Plaintiff answers and responds to each Interrogatory as follows:

**Interrogatory No. 1**: State all facts concerning your employment, hiring, retention and work for SPIN, including the related associated time period(s) and all payments received by you from SPIN.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. An interrogatory is not the optimal method of eliciting this information. It is redundant to a request for document production. Plaintiff refers the Defendant to that response.

**Interrogatory No. 2** State all facts concerning your alleged creation of the Guccione Photograph, including all persons with related knowledge.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. Plaintiff identifies himself, Fran Janik and the subject of the photograph, Bob Guccione Jr.

**Interrogatory No. 3**: State all facts that support your allegation that "acts of infringement by SMG have been willful, intentional, and purposeful, in disregard and indifference to Plaintiff's rights."

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. An interrogatory is not the optimal method of eliciting this information. No further response is required.

**Interrogatory No. 4**: State the amount of every license granted by Janik for use of any photograph taken by Janik on any website and identify the name of the website and the licensee.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. An interrogatory is not the optimal method of eliciting this information. It is redundant to a request for document production. Plaintiff refers the Defendant to that response.

**Interrogatory No. 5**: Identify the date on which you first became aware of the display of the Guccione Photograph on spin.com.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. Plaintiff names August of 2015 as the approximate date.

**Interrogatory No. 6**: State all facts that support the allegation that copyright management information was removed from the Guccione Photograph.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. An interrogatory is not the optimal method of eliciting this information. It is redundant to a request for document production. Plaintiff refers the Defendant to that response.

**Interrogatory No. 7**: Identify all communications with SPIN concerning the Guccione Photograph and describe with specificity the subject matter of the communications.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. An interrogatory is not the optimal method of eliciting this information. It is redundant to a request for document production. Plaintiff refers the Defendant to that response.

**Interrogatory No. 8**: Identify every instance that you are aware of in which a photograph taken by Janik has been displayed on any website, including without Janik's authorization.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. An interrogatory is not the optimal method of eliciting this information. It is redundant to a request for document production. Plaintiff refers the Defendant to that response.

**Interrogatory No. 9**: Identify every instance in which Janik has sued or threatened to sue any person for copyright infringement.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. An interrogatory is not the optimal method of eliciting this information. It is redundant to a request for document production. Plaintiff refers the Defendant to that response.

**Interrogatory No. 10:** State the amount of money Janik believes would constitute a reasonable licensing fee for the allegedly infringing uses of the Guccione Photograph.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. An interrogatory is not the optimal method of eliciting this information.

**Interrogatory No. 11:** Identify all persons with knowledge of any of the allegations in the complaint in this lawsuit.

Plaintiff repeats and incorporates its General Objections as if fully set forth herein. Plaintiff names himself, Fran Janik, and Bob Guccione Jr.

Dated: Valley Stream, NY

April 24, 2017

/s/Richard P. Liebowtiz
Richard P. Liebowitz
Yekaterina Tsyvkin
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660

*Attorneys for Plaintiff Fran Janik*