

## MITCHELL SILBERBERG & KNUPP LLP
#### A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

May 14, 2017

**BY ECF**

Hon. Andrew J. Peck
Magistrate Judge
United States District Court for the Southern
District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    **Janik v. SMG Media, Inc., No. 16-cv-7308 (JGK)(AJP) – Letter Regarding May 15, 2015 Conference**

Dear Judge Peck:

We are counsel for Defendant SMG Media, Inc.  On May 8, 2015 the Court issued several orders:

- All of Plaintiffs' objections to Defendant's first sets of discovery requests, aside from privilege, were waived.

- Plaintiffs were to provide full and complete responses to Defendant's first set of interrogatories by May 12, 2017 at 5:00 p.m.

- Plaintiffs were to produce all responsive documents by May 12, 2017 at 5:00 p.m.

- Plaintiffs' counsel, Richard Liebowitz, was to submit the amended discovery responses, with a cover letter, to the Court by ECF by no later than May 12, 2017 at 5:00 p.m. Transcript of May 8, 2017 Conference at 18 (THE COURT:  …  "I am going to see what comes in at 5 o'clock on Friday.  If it is not on the system at 5 o'clock on Friday, penalties will start accruing.").

- Plaintiffs' counsel was to pay to Defendant, by May 12, 2017, two thousand dollars in Rule 37 sanctions.  Transcript of May 8, 2017 Conference at 14 ("THE COURT:  If it's not paid by Friday, there will be additional sanctions.  Are we clear?  MR. LIEBOWITZ: Yes.").

Although Plaintiffs did deliver to me, by email, amended discovery responses and additional documents on May 12, 2017 at 4:59 p.m., Plaintiffs' counsel did not submit them to the Court by ECF.  Accordingly, I am attaching them to this letter as Exhibits A, B and C.  The responses to



Hon. Andrew J. Peck
May 14, 2017
Page 2

some interrogatories remain incomplete and the responses to some document requests appear to still include objections without using the word "objection."

Plaintiffs also produced some documents on May 12, 2017. However, the production appears to be incomplete. Plaintiff Janik only produced an additional seven pages. His production includes no licensing agreements, despite his counsel's prior representation to the Court that many such documents existed. May 12, 2017 Hearing Transcript at 4 ("THE COURT: How many licenses are there? MR. LIEBOWITZ: There's a lot."). Plaintiff Hirsch only produced seventy-eight additional pages. As with Mr. Janik's production, none of the produced documents are licensing agreements. Moreover, on the basis of privilege, neither Janik nor Hirsch produced the retainer agreements with Mr. Liebowitz's law firm, despite the citation in my prior letter to the Court of May 4, 2017 to cases standing for the proposition that such agreements are not privileged. *See Chevron Corp. v. Salzar*, 2011 U.S. Dist. LEXIS 92628, at *3 (S.D.N.Y Aug. 16, 2011) ("Retainer agreements, fee records, and arrangements for financing litigation are not in themselves privileged or subject to the work product doctrine."); *Sony Corp. of Am. v. Soundview Corp. of Am.*, 2001 U.S. Dist. LEXIS 23220, at *14-17, 61 U.S.P.Q.2d 1538, 1541 (D. Conn. Oct. 23, 2001) ("revealing an attorney-client fee arrangement with his attorney does not prejudice those confidential communications necessary to obtain informed legal advice and advocacy").

With respect to the two thousand dollar payment Mr. Liebowitz was to deliver by Friday, I still have not received it. At a deposition on Friday, I requested it from him. His response was that a check would be mailed and post-marked May 12, 2017.

Given the remaining deficiencies in Plaintiffs' responses and production, Defendant believes that the May 15, 2017 Conference remains necessary.

Respectfully submitted,


/s/J. Matthew Williams
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP


cc:    Christine Lepera, Esq.
       Richard Liebowitz, Esq.