**UNITED STATES DISTRICTCOURT**
**SOUTHERN DISTRICT OF NEW YORK**

FRAN JANIK and STEVEN HIRSCH,

                Plaintiffs,

- against -

SMG MEDIA, INC.,

                Defendant.

1:16 Civ. 7308 (JGK) (AJP)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**

Plaintiffs Fran Janik ("Janik") and Steven Hirsch ("Hirsch") or collectively Plaintiffs hereby respond and object to Defendant SMG Media, Inc. ("SMG") First Set of Document Requests, dated March 24, 2017, pursuant to Federal Rules of Civil Procedure Rules 26 and 34, as well as Local Civil Rules of the United States District Court for the Southern District of New York.

RESPONSES

REQUEST No.

    1.    All documents concerning the Guccione Photograph, including all licensing agreements concerning the Guccione Photograph, all documents concerning the copyright registration of the Guccione Photograph, and all documents concerning the display of the Guccione Photograph on any website (including spin.com).

RESPONSE: Documents responsive to the request have already been attached as exhibits to the Complaint. Plaintiff produces non-privileged documents responsive to this request at FJ001-FJ002, FJ005-FJ007.

REQUEST No.

2. All documents concerning the Kiehm Photograph, including all licensing agreements concerning the Kiehm Photograph, all documents concerning the copyright registration of the Kiehm Photograph, and all documents concerning the display of the Kiehm Photograph on the nypost.com website and on any other website (including thefrisky.com).

RESPONSE: Documents responsive to the request have already been attached as exhibits to the Complaint. Plaintiff produces non-privileged documents responsive to this request at FJ003-FJ004.

REQUEST No.

3. All licensing agreements concerning any photograph(s) taken by Janik for the right to display the photograph(s) on any website.

RESPONSE: Plaintiff does not have possession of documents responsive to this request.

REQUEST No.

4. All licensing agreements concerning any photograph(s) taken by Hirsch for the right to display the photograph(s) on any website.

RESPONSE: Plaintiff does not in the ordinary course of business keep such licensing agreements in his record. Plaintiff produced documents responsive to this request at SH001-SH008. Plaintiff does not, at this time, have any responsive documents.

REQUEST No.

5. All documents concerning this lawsuit.

RESPONSE: Plaintiffs do not have any more responsive, non-privileged documents in their possession. Plaintiffs reserve the right to supplement this response should more responsive documents become available before the end of fact discovery.

REQUEST No.

6. All settlement agreements entered by Janik and/or Hirsch concerning any claims of copyright infringement and/or removal of copyright management information.

RESPONSE: Plaintiff Hirsch produces responsive, highly confidential documents at SH009-

REQUEST No.

7. All documents concerning Janik being employed by, hired by, or contracted to perform services for SPIN.

RESPONSE: Plaintiff produces responsive documents at FJ005-FJ012.

REQUEST No.

8. Documents sufficient to show every instance of publication of the Guccione Photograph.

RESPONSE: Plaintiff interprets "publication" to mean publication with permission. Plaintiff is not in possession of documents responsive to this request.

REQUEST No.

9. Documents sufficient to show every instance of publication of the Kiehm Photograph.

RESPONSE: Plaintiff interprets "publication" to mean publication with permission. Plaintiff has produced responsive documents as Exhibit C to FAC. Plaintiff is not in possession of documents responsive to this request.

REQUEST No.

10. All documents that support the allegation that copyright management information was removed from the Guccione Photograph.

3

RESPONSE: Plaintiff produces responsive documents at FJ005-FJ0012. Plaintiff reserves the right to supplement this response before the end of fact discovery.

REQUEST No. 11. All documents that support the allegation that copyright management information was removed from the Kiehm Photograph.

RESPONSE: Plaintiff has produced responsive documents to this request as Exhibit C to FAC, and E to the Complaint. Plaintiff is not in possession, at this time, of any more responsive documents.

REQUEST No. 12. All documents concerning Bob Guccione Jr.

RESPONSE: Plaintiff produces responsive documents at FJ005-FJ0012.

REQUEST No. 13. All documents concerning Brandon Kiehm.

RESPONSE: Plaintiff is not in possession of any such documents.

REQUEST No. 14. The engagement agreement between Janik and The Leibowitz Law Firm, PLLC.

RESPONSE: The Plaintiff interprets the request to mean the Liebowitz Law Firm, PLLC and states that responsive documents are protected by attorney—client privilege.

REQUEST No. 15. The engagement Agreement between Hirsch and the Leibowitz Law Firm, PLLC.

RESPONSE: The Plaintiff interprets the request to mean the Liebowitz Law Firm, PLLC and states that responsive documents are protected by attorney—client privilege.

REQUEST No. 16. All communications between Janik and SPIN.

RESPONSE: Plaintiff produces responsive documents at FJ011-FJ016.

REQUEST No. 17.   All communications between Hirsch and SPIN.

RESPONSE: Plaintiff is not possession of any such documents.

REQUEST No. 18.   All communications between Hirsch and the New York Post.

RESPONSE:  Plaintiff does not keep such communications in the ordinary course of business. Plaintiff produces responsive documents at SH001-SH002. Plaintiff reserves the right the supplement this response before the end of fact discovery.

REQUEST No.

19.   All documents referenced in the interrogatory responses of Janik and/or Hirsch.

RESPONSE: Plaintiffs produce responsive documents at FJ001-FJ012 and SH001-SH008.

REQUEST No.

20.   All documents referenced in your initial disclosures or that you will rely on to support your claims.

RESPONSE: OBJECTION. Plaintiffs are not in possession of any such documents beyond what already has been produced.  Plaintiffs reserve the right to supplement this response before the end of fact discovery.

DATED: May 12, 2017
        Valley Stream, NY

Respectfully Submitted,

/s/Richard Liebowitz
Richard P. Liebowitz
Yekaterina Tsyvkin
Liebowitz Law Firm
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516)233-1660
rl@liebowitzlawfirm.com

*Attorneys for Plaintiffs Janik and Hirsch*