UNITED STATES DISTRICTCOURT
SOUTHERN DISTRICT OF NEW YORK

FRAN JANIK and STEVEN HIRSCH,

                Plaintiffs,

    - against -                  16 Civ. 7308(JGK)(AJP)
                                **PLAINTIFF'S ANSWERS AND**
SMG MEDIA, INC.,            **OBJECTIONS TO DEFENDANT'S**
                                **FIRST SET OF**
                                **INTERROGATORIES TO**
                                **PLAINTIFF**

                Defendant.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Plaintiff, Fran Janik, hereinafter referred to as Janik, under threat of penalty of perjury, hereby answers and objects to Defendant SMG Media, Inc., hereinafter SMG, First Set of Interrogatories dated March 24, 2017 (each, an "Interrogatory" and collectively, the "Interrogatories") as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

Without waiver of, or prejudice to, any of its General Objections, Plaintiff answers and responds to each Interrogatory as follows:

**Interrogatory No. 1**: State all facts concerning your employment, hiring, retention and work for SPIN, including the related associated time period(s) and all payments received by you from SPIN.

Plaintiff was never an employee of SPIN, but took some photographs at the inception of the magazine for promotional purposes. This interrogatory is redundant to a request for document production No 7. Plaintiff refers the Defendant to that response. The Plaintiff was never on the masthead but was a freelance photographer for SPIN as is evident in FJ008-FJ0010.

**Interrogatory No. 2** State all facts concerning your alleged creation of the Guccione Photograph, including all persons with related knowledge.

Plaintiff was spending time with the subject of the photograph and had an informal photo session in his office. The photographs were supposed to be used for promotional purposes at the founding of the magazine. Plaintiff identifies himself, Fran Janik and the subject of the photograph, Bob Guccione Jr.

**Interrogatory No. 3**: State all facts that support your allegation that "acts of infringement by SMG have been willful, intentional, and purposeful, in disregard and indifference to Plaintiff's rights."

Plaintiff refers to document production FJ005-FJ0010.

**Interrogatory No. 4**: State the amount of every license granted by Janik for use of any photograph taken by Janik on any website and identify the name of the website and the licensee.

Plaintiff does not in the regular course of business license his photographs to any websites. He names Equinox Townhouse web and Off the Fifth Floor websites. He does not remember or have records of the amounts involved in these licenses.

**Interrogatory No. 5**: Identify the date on which you first became aware of the display of the Guccione Photograph on spin.com.
Plaintiff names August of 2015 as the approximate date.

**Interrogatory No. 6**: State all facts that support the allegation that copyright management information was removed from the Guccione Photograph.

Plaintiff gave Bob Guccione Jr. the contact sheet with the Plaintiff's name on it. When the photograph appeared in SPIN, it had no CMI on it.

**Interrogatory No. 7**: Identify all communications with SPIN concerning the Guccione Photograph and describe with specificity the subject matter of the communications.

In addition to letting SPIN know in the comments section that the Photograph was Janik's, the Plaintiff also inquired about the Photograph as is evidenced in documents production FJ005-FJ007 and F011-FJ012.

**Interrogatory No. 8**: Identify every instance that you are aware of in which a photograph taken by Janik has been displayed on any website, including without Janik's authorization.

Janik names Mediapost as displaying his photograph without authorization.

**Interrogatory No. 9**: Identify every instance in which Janik has sued or threatened to sue any person for copyright infringement.

Aside from the present case, Janik sued MediaPost Communications.

**Interrogatory No. 10:** State the amount of money Janik believes would constitute a reasonable licensing fee for the allegedly infringing uses of the Guccione Photograph.

This interrogatory is argumentative in that it a reasonable licensing fee would not be assessed for an infringing use. Plaintiff understands this question to mean what would have Plaintiff licensed it for at the time, for a limited use. Plaintiff estimates it would be licensed for $1,000 for one year.

**Interrogatory No. 11:** Identify all persons with knowledge of any of the allegations in the complaint in this lawsuit.

Plaintiff names himself, Fran Janik, and Bob Guccione Jr.

Dated: Valley Stream, NY

May 12, 2017

/s/Richard P. Liebowtiz
Richard P. Liebowitz
Yekaterina Tsyvkin
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660

*Attorneys for Plaintiff Fran Janik*

## VERIFICATION

I hereby certify that the attached responses to the First Set of Interrogatories served by SMG Media on Fran Janik are true and accurate to the best of my knowledge, information and belief.

DATED: May 12, 2017

_____