BY ECF May 16, 2017

Honorable Andrew J. Peck, U.S.M.J.
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007


Re: *Fran Janik and Steven Hirsch v. SMG Media, Inc.,*
   *Docket No. 1:16-cv-7308 (JGK)(AJP)*

Dear Judge Peck,

We represent Plaintiffs Fran Janik and Steven Hirsch in the matter referenced above. In light of the developments at the discovery conference, held on May 15, 2017, we respectfully request leave to file a dismissal without prejudice pursuant to Fed. R. Civ. P. Rule 41(a)(2).

In that conference, the Court ordered Plaintiffs Fran Janik and Steven Hirsch to appear in person for a deposition to be held on May 17 and May 19, 2017, respectively. As Plaintiff's counsel already explained, Plaintiff Janik cannot be present in New York for a deposition on the date in question due to medical reasons. Plaintiff Hirsch has recent and pressing personal commitments that will make him unavailable on the date of the deposition. Plaintiffs take their discovery obligations seriously and would like to opportunity to fulfill their responsibilities before the Court. Therefore, we would like to take the Court's recommendation to dismiss the case.

 1) Presumption in Favor of Dismissal Without Prejudice

"The presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.,* No. 01 CIV. 9649, 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006)(internal quotation marks and citation omitted). "The focus of the analysis on a motion for voluntary dismissal is prejudice to the defendant." *BD ex rel. Jean Doe v. DeBuono,* 193 F.R.D. 117, 123 (S.D.N.Y. 2000). *See Paulino v. Taylor*, No. 15 CIV. 5869 (RWS), 2017 WL 1080081, at *1 (S.D.N.Y. Mar. 15, 2017). As Plaintiffs show below, no such prejudice can be established by the Defendant.

The United States Supreme Court and the Second Circuit have recognized that "starting a litigation all over again does not constitute legal prejudice." *D'Alto v. Dahon California, Inc.,* 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. SEC,* 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015 (1936) ("The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint ... unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter.")); *see also Klar v. Firestone Tire & Rubber Co.,* 14 F.R.D. 176, 176 (S.D.N.Y. 1953) (granting a plaintiff's Rule 41(a)(2) motion so that he could commence the action in Ohio instead of New York upon finding no legal prejudice and no abusive intent).

This Court correctly questioned the choice of forum for a permanently disabled Plaintiff located in Vermont. Plaintiff Janik would like the opportunity to reconsider his chosen forum if he is to be physically present at a deposition and other appearances. Plaintiff Hirsch similarly would like the opportunity to refile the case because he cannot be physically present at his deposition. The Plaintiffs' reconsideration, absent other indicia of abusive intent does not constitute legal prejudice.

2) Zagano Factors favor Dismissal Without Prejudice

In *Zagano v. Fordham University,* the Second Circuit set forth five factors that a court must consider in determining whether a defendant will suffer legal prejudice: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." 900 F.2d 12, 14 (2d Cir. 1990).

We believe that all five factors favor the Plaintiffs. On the first Zagano factor, Plaintiffs have promptly brought this motion. Generally, plaintiff's diligence in bringing the motion is measured by the duration of the proceeding. *In re Bank of Am. Mortg. Servicing S'holder Derivative Litig.,* No. 11 CIV. 2475, 2012 WL 1506271, at *2 (S.D.N.Y. Apr. 4, 2012). ("When assessing a plaintiff's diligence, courts consider the length of time the action has been pending."). In this case, however, the case has been pending as long as it has simply because the Defendant did not appear until February 22, 2017. Furthermore, the reason for the dismissal materialized on May 15, 2017 when the Court ordered Plaintiff Janik and Plaintiff Hirsch to be physically present at their respective depositions. *See Ascentive, LLC v. Opinion Corp.,* No. 10 CIV. 4442, 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012) (finding that the plaintiff was diligent because it "moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action."). Plaintiffs here move on the day after the precipitating event.

The second factor favors the Plaintiffs because there has been no vexatiousness on their part. The discovery dispute was resolved and all orders have been complied with. Vexatiousness refers to instances in which "the case was brought to harass the defendant," *Hinfin Realty Corp. v. Pittston Co.,* 206 F.R.D. 350, 356 (E.D.N.Y. 2002), or the plaintiff had "ill-motive," *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.,* No. 5 CIV. 3939, 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008). As is evident, this case involves legitimate claims of copyright infringement. They are not duplicative, not intended to harass or are brought with any motive aside from prosecuting a claim fully.

In evaluating the third factor "[c]ourts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate." *Baldanzi v. WFC Holdings Corp.,* No. 07 CIV. 9551, 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010); *see also Shaw,* 2008 WL 4127549, at *7 ("The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance.") (internal quotation marks and citation omitted)). "The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary

judgment motion practice, or trial preparation has occurred." *Am. Fed'n of State, Cty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.,* No. 12 CIV. 2237, 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013).

In this case, discovery has just begun. We have exchanged some documents and interrogatories but there have been no depositions and no trial preparation, therefore the Defendant's effort and expense have been minimal. Even the discovery motion has been paid for by the Plaintiff.

Similarly, the fourth factor favor the Plaintiffs as the early stage of litigation mitigates against undue prejudice to the Defendant. *Paulino v. Taylor*, 2017 WL 1080081, at *3 (finding no prejudice when there has been no motion practice in this case aside from a motion to compel and very little discovery has taken place.). Here, apart from a motion to compel, no other motion practice has taken place and the discovery has only recently begun. Besides the very early stage of this litigation, Defendant's efforts need not be wasteful going forward. *See In re Fosamax Prods. Liab. Litig.*, Nos. 6 MDL 1789, 6 CIV. 5088, 2008 WL 5159778, at *3 (S.D.N.Y. Dec. 9, 2008) (granting a Rule 41(a)(2) motion even though the parties had taken depositions and reviewed a production of medical records because the discovery would "remain of value" and "not need to be duplicated" upon refiling); *Jaskot,* 167 F.R.D. at 374 ("In any event, the time and expense the defendant incurred to gather the facts, file a motion to dismiss, and conduct discovery will not be wasted if these allegations do in fact appear in a subsequent complaint.").

Finally, the fifth factor favors the Plaintiffs. Plaintiffs have explained that they cannot physically attend the depositions due to medical reasons and personal commitments. Even if the Court finds this reason deficient, it does not overcome the presumption that Defendant will not suffer prejudice as the result of the dismissal. "[A]ny shortcomings in plaintiff's explanation are not sufficient to overcome the other four factors," because the final *Zagano* factor, "although surely relevant ... is alone not dispositive." *Pfizer, Inc.,* 2013 WL 2391713, at *5 (quoting *Benitez v. Hitachi Metals Am., Ltd.,* No. 11 CIV. 6816, 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012). Here, even the Court recommended dismissal and perhaps filing the action in a different forum. Plaintiffs would like the opportunity to avail themselves of the Court's recommendation.

For the reasons stated above, the Plaintiffs respectfully requests a leave of Court to dismiss the case without prejudice.


Respectfully Submitted,

/s/Yekaterina Tsyvkin
Yekaterina Tsyvkin
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com
kt@liebowitzlawfirm.com
*Attorneys for Plaintiff Janik and Hirsch*