

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

May 17, 2017

**BY ECF**
Hon. Andrew J. Peck
Magistrate Judge
United States District Court for the Southern
District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     <u>Janik v. SMG Media, Inc., No. 16-cv-7308 (JGK)(AJP) – Letter In Opposition To Plaintiffs' Request For Voluntary Dismissal Without Prejudice</u>

Dear Judge Peck:

We are counsel for Defendant SMG Media, Inc.  I write in response to the letter motion filed by Plaintiffs requesting voluntary dismissal.  The Local Rules do not allow such a motion to be filed by letter.  Moreover, Judge Koeltl's Practices require a pre-motion conference before a motion to dismiss is filed.  Accordingly, it is appears to Defendant that Plaintiffs' motion is procedurally improper.  We submit that the Court could deny the motion on that basis alone.

Substantively, Plaintiffs' motion also lacks merit.  It is a transparent attempt to avoid the consequences for their failures to comply with multiple Court orders.  Defendant will be submitting separately a letter motion requesting a discovery conference with Your Honor and will be seeking an order granting Defendant all appropriate relief under Rules 37 and 41(b).  Some of the background facts relevant to this opposition are contained in that letter.

<u>Background</u>

On April 19, 2017, Defendant noticed the depositions in New York of Plaintiffs Fran Janik ("Janik") and Steven Hirsch ("Hirsch") for May 17 and May 19, 2017, respectively.  Plaintiffs did not object to the dates or to the location of the depositions.  On May 12, 2017, opposing counsel, Mr. Liebowitz, informed me that his clients would likely not be available during the remainder of the fact discovery period.  He stated that Janik would be unavailable due to a death in the family.  He stated that Hirsch had other commitments.  He also stated that he would seek an extension of the discovery schedule to conduct additional discovery.

At the discovery conference on Monday, May 15, 2017, Mr. Liebowitz's colleague, Ms. Tsyvkin, did not request the ability to take any additional discovery.  However, she represented to the Court that Janik could only appear for his deposition via teleconference because "he's



permanently disabled. He has a hip replacement."[1] Transcript of May 15, 2017 Conference at 14. With respect to Hirsch, Ms. Tsyvkin represented that he could not appear because he would be travelling. *Id.* at 15. In response, the Court ordered as follows: "THE COURT: He's testifying on the 19th and Janik on the 17th. Court ordered. Doesn't show, case over, as to either or both. Are we clear? MS. TSYVKIN: We're clear, [Y]our Honor." *Id.* at 16. On May 17, 2017, Janik did not appear for his deposition, citing the pending motion as justification.

## Plaintiffs' Motion Is Meritless

Under Rule 41(a)(2) dismissal without prejudice is not a matter of right. *Zagano v. Fordham Univ.*, 900 F.2d 12, 15 (2d Cir. 1990). "Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Id.*

### Plaintiffs' Lack of Diligence And Flawed Explanations For The Requested Relief

Plaintiffs did not inform Defense counsel of Janik's purported disability until May 15, 2017 – two days before the scheduled deposition. The deposition was noticed on April 19, 2017. Janik did not object at that time to the date or location of the deposition. That set of facts does not reflect diligent behavior on Janik's part or on the part of his counsel. *See Jiggets v. New York City Human Resources Admin.*, 1997 U.S. Dist. LEXIS 6923 at *6-7 (S.D.N.Y. May 16, 1997) (denying motion to dismiss without prejudice where Plaintiff was not diligent).

With respect to Hirsch, Plaintiffs simply state that "Hirsch has recent and pressing personal commitments." Placing personal commitments over court orders is not due diligence.

Rather than a diligent request for dismissal, Plaintiffs' motion is an obvious attempt to avoid complying with Court orders and to stymie the progress Defendant is making toward prevailing.[2] They are also trying to use dismissal as a back door to obtain additional time to conduct discovery that could have been taken earlier in this case. These are improper bases upon which to construct a Rule 41(a) request. *See Greguski v. Long Island R.R.*, 163 F.R.D. 221, 223

---

[1] This representation was the first instance of opposing counsel claiming that Janik is disabled. They have submitted no documentation of the condition. Janik's own website states as follows: "Working from his base in the Green Mountain State, ***Fran travels anywhere an images [sic] takes him continuing to work in major markets for creative artists and commercial clients.*** A founding member of both A.P.A. NY and V.A.W.P in Vermont, Fran has garnered the recommendation of top wedding coordinators and quality venues in Vermont ***and beyond.***" *See* http://www.franjanik.com/ (emphasis added). Thus, counsels' representations regarding Janik's inability to travel appear to be suspect.

[2] Janik took the allegedly infringed photograph of SPIN's CEO and provided him with a copy of it without placing any restrictions on how the photograph was to be used by SPIN. He has admitted in interrogatory responses that he took the photograph for SPIN's "promotional purposes." The article including Hirsch's photograph that he claims to be infringing is actually a fair use news report regarding an individual who was defrauding people on a dating website.



Hon. Andrew J. Peck
May 17, 2017
Page 3

(S.D.N.Y. 1995) ("If such dismissals were permitted…a party could thwart discovery deadlines imposed pursuant to Rule 16 by simply pursuing a Rule 41(a)(2) dismissal.  That appears to be what Greguski attempted here.  After failing to have her alleged injuries evaluated in a timely manner, and where the court refused to grant an adjournment of trial, Greguski proposed a Rule 41(a)(2) dismissal as an easy 'substitute.'  I consider that substitute too easy….").

Plaintiffs' Counsels' Vexatious Litigation Campaign

Plaintiffs' lawsuit is part of a mass-litigation campaign orchestrated by their counsel.  His law firm has filed approximately 250 similar, low value, cases in this district alone.  It appears that his litigation strategy is to threaten defendants with the expenses and burdens of discovery and litigation in order to force them to consider unreasonable settlement demands.  However, when it comes time for his clients to produce discovery, sit for depositions and truly invest in the case, they would prefer to withdraw their claims while holding onto the ability to re-file them if their settlement demands are not met.  This abuse of the Court system should not be countenanced.  *See Pac. Elec. Wire & Cable Co. v. Set Top Int'l Inc.*, 03 Civ. 9623 (JFK), 2005 U.S. Dist. LEXIS 3811 at *15-16 (S.D.N.Y. Mar. 11, 2005) (noting that Plaintiffs' decision to unilaterally cancel court-ordered depositions was vexatious); *see also Sang Lan v. Time Warner Inc.*, No. 11 Civ. 2870 (AT) (JCF), 2015 U.S. Dist. LEXIS 176044 at *11-12 (S.D.N.Y. 2015) (finding undue vexatiousness where plaintiff had been aware of medical condition for months but waited until the week of deposition to move for dismissal).

Progress Of Suit, Defendant's Expenses, And Threat Posed By Re-Litigation

Discovery is on the edge of completion.  Dispositive motions are only a few weeks away.  Defendant has invested more than $80,000 in fees and costs in the case and has complied with all of its discovery obligations, including producing for a deposition SPIN's former Chief Executive Officer/current Chief Strategy Officer.  Defendant has taken its responsibilities seriously and Plaintiffs and their counsel should not be allowed to get away with flouting their own obligations.  *See Pac. Elec.,* 2005 U.S. Dist. LEXIS 3811 at *16 ("Although no trial date has been set, it would be prejudicial to Defendant[] for the Court to halt the proceedings just prior to the close of the discovery ... After getting this far, Defendants are entitled to a final adjudication of this lawsuit, either at the summary judgment stage or at trial."); *Forties B LLC v. Am. West Satellite, Inc.*, No. 09 Civ. 8583 (JSR), 2010 U.S. Dist. LEXIS 62036 at *8 (S.D.N.Y. June 17, 2010) (accord).  If Defendant prevails, it would be entitled to seek awards of attorneys' fees and costs under the Copyright Act.  *See* 17 U.S. 505.  It would be unjust for Defendant to lose this chance[3] while facing new suits wherein Plaintiffs' counsel would continue to run up Defendant's expenses to try to coerce an unnecessarily large settlement.  A default judgment under Rule 37 or dismissal with prejudice under Rule 41(b) is a more appropriate way to resolve this case.

**Conclusion**

Defendant respectfully submits that Plaintiffs' motion is procedurally flawed and meritless.

---

[3] Defendant would retain the right to seek its fees and costs under Federal Rule of Civil Procedure 41(d).



Hon. Andrew J. Peck
May 17, 2017
Page 4

Respectfully submitted,


/s/J. Matthew Williams
A Professional Corporation  of
Mitchell Silberberg & Knupp LLP



cc:    Christine Lepera, Esq.
       Richard Liebowitz, Esq.
       Kate Tsyvkin, Esq.