**msk**

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/18/17

J. Matthew Williams
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

May 17, 2017

*[Handwritten: The Court will hold a conference on Tuesday, May 23, 2017, at 2PM in Courtroom 20D, 500 Pearl Street.]*

**BY ECF**

*[Handwritten: SO ORDERED:
[signature]  5/18/17
Hon. Andrew Jay Peck
United States Magistrate Judge
Copies to: Counsel (ECF)
Judge Koeltl]*

Hon. Andrew J. Peck
Magistrate Judge
United States District Court for the Southern
District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   <u>Janik v. SMG Media, Inc., No. 16-cv-7308 (JGK)(AJP) – Letter Requesting Pre-Motion Conference Re Sanctions For Failure To Comply With A Court Order</u>

Dear Judge Peck:

We are counsel for Defendant SMG Media, Inc. I write to request a discovery conference regarding Defendant's intent to request default judgments under Rules 37(b) and (d) and/or dismissal with prejudice under Rule 41(b) for Plaintiffs' failure to comply with a court order. As Your Honor knows, the Court ordered Plaintiffs Fran Janik ("Janik") and Steven Hirsch ("Hirsch") to appear for depositions on May 17 and May 19, 2017. Today, Janik did not appear for his deposition. Opposing counsel has represented that Hirsch will not appear on Friday.[1] Given that your Honor warned them at the May 15, 2017 conference that such actions would result in dismissal of the case as a sanction, Defendant believes that the time has come for judgments to be entered against Plaintiffs in addition to monetary sanctions.

**Background**

On April 19, 2017, Defendant noticed the depositions of Plaintiffs Fran Janik and Steven Hirsch for May 17 and May 19, 2017, respectively. The deposition location was noticed at my law firm's offices in Manhattan. Plaintiffs did not object to the dates or to the location of the depositions.

On May 8, 2017, the parties appeared in front of Your Honor for a conference regarding Plaintiffs' clearly improper objections and lack of documents production. The Court ordered Plaintiffs to respond properly to all interrogatories and to produce all responsive documents. The Court also extended the discovery period to May 26, 2017 in recognition of the prejudice that Defendant could experience if the late discovery production negatively impacted Defense counsel's ability to prepare for the depositions prior to May 17, 2017.

---

[1] Of course, if Hirsch appears on Friday, Defendant will revise its position, as appropriate.

8888338.1/48203-00001

1818 N Street, NW, 8th Floor, Washington, DC 20036-2406
Phone: (202) 355-7900 Fax: (202) 355-7899 Website: www.msk.com



Hon. Andrew J. Peck
May 17, 2017
Page 2

On May 12, 2017, Defendant's Rule 30(b)(6) witness appeared for a deposition. After the deposition, opposing counsel, Mr. Liebowitz, informed me that his clients would likely not be available during the remainder of the fact discovery period. He stated that Janik would be unavailable due to a death in the family. He stated that Hirsch had other commitments.

The following day, I sent Mr. Liebowitz a follow-up email requesting additional information. The email asked him to provide "[t]he specific reasons that each of [his] clients cannot be available for depositions during the entirety of the remaining discovery period." Mr. Liebowitz did not respond.

At the conference on Monday, May 15, 2017, Mr. Liebowitz's colleague, Ms. Tsyvkin, represented to the Court that Janik could only appear for his deposition via teleconference because "he's permanently disabled. He has a hip replacement." Transcript of May 15, 2017 Conference at 14. This representation was the first instance of opposing counsel claiming that Janik is disabled. They have submitted no documentation of the condition. Janik's own website states as follows: "Working from his base in the Green Mountain State, *Fran travels anywhere an images [sic] takes him continuing to work in major markets for creative artists and commercial clients.* A founding member of both A.P.A. NY and V.A.W.P in Vermont, Fran has garnered the recommendation of top wedding coordinators and quality venues in Vermont *and beyond.*" *See* http://www.franjanik.com/ (emphasis added). Thus, counsels' representations regarding Janik's inability to travel appear to be suspect.

With respect to Hirsch, Ms. Tsyvkin represented that he could not appear on May 19 because he would be travelling. *Id.* at 15. In response, the Court ordered as follows: "THE COURT: He's testifying on the 19th and Janik on the 17th. Court ordered. Doesn't show, case over, as to either or both. Are we clear? MS. TSYVKIN: We're clear, [Y]our Honor."[2] *Id.* at 16.

On May 16, 2017, Plaintiffs filed a letter motion requesting that the Court allow Plaintiffs to voluntarily dismiss the case without prejudice. After reviewing the motion, I emailed Mr. Liebowitz and Ms. Tsyvkin as follows: "Notwithstanding your request for voluntary dismissal, we expect you to comply with the standing court order and to produce the witnesses on the 17th and 19th. We intend to follow the existing order absent any instruction otherwise from the court." Mr. Liebowitz responded as follows: "My clients are not available tomorrow and Friday, this is the reason for the dismissal without prejudice." This morning, Janik did not appear for his deposition. I then informed opposing counsel of our intent to submit this letter.

---

[2] The Court also issued an adverse inference against Plaintiffs for failure to produce licensing agreements. The Court did not order Plaintiffs to amend remaining deficiencies in their interrogatory responses because the Court preferred for Defendant to request the information during depositions.



Hon. Andrew J. Peck
May 17, 2017
Page 3

### Sanctions, Including Entry of Default Judgments, Are Appropriate Under Rule 37(b) & (d) and Rule 41(b)

Rule 37(d) allows for dismissal or entry of a default judgment where a party fails to appear for his own deposition. Rule 37(b)(2)(A) allows for an order "dismissing the action or proceeding in whole or in part" or entering "a default judgment against the disobedient party" where a party fails to comply with a court order. "Courts have not hesitated to dismiss actions pursuant to Rule 37(b)(2) in appropriate situations." *Woo v. City of New York*, No. 93 Civ. 7007 (AJP)(HB), 1997 U.S. Dist. LEXIS 7315, at *22-23 (S.D.N.Y. May 23, 1997) (Peck, J.). *See also Cintron v. Gettman*, No. 9:15-CV-0542 (BKS/TWD), 2017 U.S. Dist. LEXIS 66600, at *9-10 (S.D.N.Y. May 1, 2017).

Rule 41(b) also states: "If the plaintiff fails to prosecute *or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule … operates as an adjudication on the merits." (Emphasis added.)

Given the egregious background facts discussed above, and the Court's clear warning to Plaintiffs at the May 15, 2017 conference, Defendant believes that entry of judgments in favor of Defendant is the correct sanction for the Court to issue. *See Woo*, 1997 U.S. Dist. LEXIS, at * 32 (entering judgment for Defendant).

Plaintiffs have, after initiating this lawsuit, shirked their discovery responsibilities and have now refused to sit for court ordered depositions. Meanwhile, Defendant has incurred over $80,000 in fees and costs defending this meritless case. Rule 37(b)(2)(C) states that "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Emphasis added.) Similarly, Rule 37(d) states that "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Emphasis added.) Accordingly, Defendant will request a Court order requiring Plaintiff and/or The Liebowitz Law Firm, PLLC to pay the reasonable expenses incurred by Defendant for preparation for the depositions; for attending the May 15, 2017 conference to request the order compelling the depositions; and for the cost of preparing this letter and attending any conference scheduled by the Court in response.

### Conclusion

Defendant looks forward to discussing these matters with Your Honor.



Hon. Andrew J. Peck
May 17, 2017
Page 4

Respectfully submitted,

/s/ J. Matthew Williams
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

cc:   Christine Lepera, Esq.
      Richard Liebowitz, Esq.
      Kate Tsyvkin, Esq.

8888338.1/48203-00001