BY ECF                                                          May 18, 2017

**Honorable Andrew J. Peck, U.S.M.J.**
**United States District Court for the Southern District of New York**
**United States Courthouse**
**500 Pearl Street**
**New York, NY 10007**


Re:   *Fran Janik and Steven Hirsch v. SMG Media, Inc.,*
      *Docket No. 1:16-cv-7308 (JGK)(AJP)*

Dear Judge Peck,

We represent Plaintiffs Fran Janik and Steven Hirsch in the matter referenced above. We write in opposition to Defendant SMG Media, Inc.'s (SMG) request for a discovery motion conference. As Your Honor is aware there is a pending motion to dismiss without prejudice before the Court. We respectfully ask that the Defendant's letter motion be denied, or in the alternative that all discovery be stayed until the Court rules on the motion to dismiss without prejudice.

**Facts**

On May 12, 2017 we informed the Defendant's counsel that the noticed deposition dates would not work for Plaintiffs. Fran Janik has medical reasons for not being able to come to New York which Steven Hirsch is travelling during the time. At the discovery conference on May 15, 2017, we offered to provide a doctor's affidavit to the effect of Fran Janik's disability stemming from a hip replacement and other medical issues. Moreover, we offered to produce Fran Janik via video-conferencing on the date of the deposition. Steven Hirsch, on the other hand, provided alternative dates of availability within two weeks of the proposed date of the deposition.

On May 15, 2017 Your Honor ordered that we produce both Plaintiffs on the respective dates of their depositions. Your Honor also recommended that we either settle the case or dismiss it. On May 16, 2017 Plaintiffs promptly moved to dismiss the case, explaining as they have stated previously that Fran Janik cannot be produced to be physically present at the deposition on May 17, 2017 and that Plaintiff Hirsch is also unavailable on May 19th due to his travels.

Despite Defendant's counsel's speculations to the contrary, Fran Janik has a permanent disability, stemming from a hip replacement in addition to other medical issues. Our adversary's reliance of puffery found on a promotional page of the Plaintiff does not amount to much more than that. Even on his website, it is evident that he stays local to Vermont. The skepticism Defendant's counsel expressed is wholly unfounded. If the Court has any doubts as to Mr. Janik's condition, we are ready to provide a doctor's affidavit regarding the same.

Plaintiffs' counsel understood Your Honor's Order to produce Plaintiffs, and after confirming that it would be impossible to comply, immediately filed a motion to dismiss as Your Honor suggested.

Now the Defendant's counsel, in keeping with his scorched earth litigation tactics, seeks a Default Judgment or Dismissal with Prejudice. Defendant similarly sought an inappropriate remedy at the discovery conference on May 15, 2017 where counsel sought a Court's finding of fair use, based on a paucity, as he perceived it, of produced licensing agreements. Your Honor aptly put an end to that request, advising Counsel "not to push your luck."  Defendant's counsel has a habit of seeking inappropriate, disproportional remedies as is evidenced in this latest letter motion.

Plaintiffs put the Defendant on ample notice that Fran Janik cannot and would not be produced due a medical condition and Steve Hirsch will not be available due to his travels. Once the depositions were Court-ordered, Plaintiffs' counsel attempted again to comply but to no avail.

**Legal Standards for Sanctions such as Default Judgment or Dismissal with Prejudice**

If a party ... fails to obey an order to provide or permit discovery," the district court may impose sanctions, including "rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b)(2)(A)(vi). However, Defendant seeks a disproportionate remedy -- dismissing a complaint or entering default judgment—both severe sanctions, appropriate only in "extreme situations," as "when a court finds willfulness, bad faith, or any fault on the part of the" noncompliant party. *See Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 764 (2d Cir.1990) (dismissal with prejudice as sanction for noncompliance with a discovery order held improper without prior notice), *rev'd on rehearing on ground that notice had in fact been given, id.* at 765, *cert. denied; see also Passe v. City of N.Y.,* No. CV026494ERKMDG, 2009 WL 290464, at *11 (E.D.N.Y. Jan. 5, 2009), *subsequently aff'd sub nom. Passe v. N.Y. City Dep't of Corr.,* 377 F. App'x 106 (2d Cir. 2010)(internal citation and quotation marks omitted); *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 450–51 (2d Cir. 2013). As we have shown, there was not willfulness or bad faith, but merely circumstances beyond the control of the Plaintiffs.

This Court has wide discretion to impose appropriate sanctions. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 135 (2d Cir.2007) (declining to enter default judgment). If the Court finds that compliance was "thwarted by circumstances beyond his control," then extreme sanctions might not be appropriate. *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir.1979) (failure to comply may be excused if compliance was "thwarted by circumstances beyond his control").

Furthermore, because "dismissal with prejudice for discovery failures is a harsh sanction, dismissal is appropriate only in extreme situations." *Passe v. City of N.Y.*, No. CV026494ERKMDG, 2009 WL 290464, at *11 (E.D.N.Y. Jan. 5, 2009), *subsequently aff'd sub nom. Passe v. N.Y. City Dep't of Corr.,* 377 F. App'x 106 (2d Cir. 2010)
*See e.g., Valentine v. Museum of Modern Art,* 29 F.3d 47, 49 (2d Cir.1994). The extreme sanction is appropriate "only after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice that violation of the court's order will result in a dismissal of the case with prejudice." *Simmons II v. Abruzzo,* 49 F.3d 83, 88 (2d

Cir.1995); *see also Valentine,* 29 F.3d at 49; *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 764. More importantly, dismissal is appropriate only "after consideration of alternative, less drastic sanctions." *Marfia v. T.C. Ziraat Bankasi, New York Branch,* 100 F.3d 243, 253 (2d Cir.1996) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988)) (internal quotations omitted). As discussed below, the predicates for extreme sanctions are simply not present in this case. Plaintiffs have moved for dismissal without prejudice, a less drastic remedy that would adequately address the failure to comply with Court orders and not be too draconian.

Alternatively, Rule 41(b) of the Federal Rules of Civil Procedure governs the dismissal of an action or claim for plaintiff's failure to prosecute or comply with a court order. Rule 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). Dismissals pursuant to Rule 41 are also within the discretion of the court. *See Jackson v. City of New York,* 22 F.3d 71, 75 (2d Cir.1994) (internal citation omitted).

In considering whether dismissal is the proper action, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 193–94 (2d Cir.1999) (quoting *Nita v. Conn. Dept. of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994)). "Generally, no one factor is dispositive." *Passe v. City of N.Y.,* at *11.

In this case, the factors do not favor dismissal with prejudice. (1) Plaintiff was not produced for one deposition due to medical reasons. (2) Plaintiff was not specifically advised that failure to appear in person would constitute a dismissal. In fact, Plaintiff promptly filed for dismissal without prejudice once it was clear that compliance was impossible. (3) Defendant is not prejudiced by further delay in the proceeding as no further delay would result in a dismissal without prejudice. (4) Court's interest in managing the docket are well aligned with the Plaintiff's interest in getting a fair chance to be heard by the granting of the dismissal without prejudice. Finally, (5) Court should adequately consider sanctions less drastic than dismissal with prejudice and has not done so for failure to produce the Plaintiff for a Court-ordered deposition. This is clearly, not the pervasive, abusive, ill-motivated behavior that deserves a dismissal with prejudice and we respectfully ask the Court to consider dismissing without prejudice.

For the reasons stated above, the Plaintiffs respectfully requests that the Court deny the Defendant's motion for sanctions and dismiss the case without prejudice.


Respectfully Submitted,

/s/Yekaterina Tsyvkin
Yekaterina Tsyvkin
Liebowitz Law Firm, PLLC

11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com
kt@liebowitzlawfirm.com
*Attorneys for Plaintiff Janik and Hirsch*