```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

FRAN JANIK and
STEVEN HIRSCH,

                Plaintiff,

          v.                          16 Civ. 7308 (JGK)

SPIN MEDIA LLC and
SMG MEDIA, INC.,
                                      Conference
                Defendants.

------------------------------x
                                      New York, N.Y.
                                      May 8, 2017
                                      2:30 p.m.

Before:

          HON. ANDREW J. PECK

                                      Magistrate Judge




          APPEARANCES


LIEBOWITZ LAW FIRM PLLC
     Attorneys for Plaintiffs
BY:  RICHARD LIEBOWITZ


MITCHEL SILBERBERG & KNUPP LLP
     Attorneys for Defendants
BY:  JOHN M.D. WILLIAMS
```

1                    (Case called)

2              THE COURT:  What's the story, Mr. Liebowitz?

3              MR. LIEBOWITZ:  Your Honor, plaintiff provided
4    document responses and production of documents this morning,
5    and defendant has not had a chance to review everything at the
6    moment.

7              THE COURT:  Why is your timing so wonderful?

8              MR. LIEBOWITZ:  It's because my client was looking for
9    all these documents and provided them to us over the weekend.

10             THE COURT:  Why wasn't it done 30 days ago or whenever
11   it was due?

12             MR. LIEBOWITZ:  Our responses were due last I believe
13   Monday.  We provided documents a week later.  It's only been a
14   week.

15             THE COURT:  Two weeks, but who's counting.

16             MR. LIEBOWITZ:  Okay.

17             THE COURT:  Where do we go from here, Mr. Williams?

18             MR. WILLIAMS:  Thank you, your Honor.  Matthew
19   Williams for defendant.  They did give us additional responses
20   and documents today, but I have only been able to look at them
21   on my phone as I was en route over here.  They are still very,
22   very lacking.  They gave us 18 pages of documents.  The
23   interrogatory responses still do not provide any detail on what
24   they charge people for licenses.

25             THE COURT:  Let me stop you for a minute.  Let me have

1   the revised interrogatory responses.
2           MR. LIEBOWITZ:  This is everything.
3           THE COURT:  The interrogatories are not sworn to by
4   the client.
5           MR. LIEBOWITZ:  Yes.  We will get that.
6           THE COURT:  In other words, you are still not in
7   compliance, particularly as to the interrogatories.  As to the
8   documents, I think what would make the most sense is to give
9   this set to Williams.  We will adjourn for half an hour.  Mr.
10  Williams can look at what you have produced and what you
11  haven't produced, and then we will resume the conference.
12          MR. WILLIAMS:  If I may, your Honor?
13          THE COURT:  Yes.
14          MR. WILLIAMS:  I was able to on my phone go through
15  the documents since there were only 18 pages.  From what I can
16  tell, there are a handful of licensing documents from plaintiff
17  Hirsch.  They are nowhere close to what we would need in the
18  case.  I think it is one statement from the New York Post from
19  this month related to some of the licenses he's granted.  But
20  the photograph at issue, if I recall, was from September 2016.
21  They have still not told us the price of that license or given
22  us any other licensing documents.
23          With respect to Mr. Janik, we have no licensing
24  documents at this time.  He put an objection in that he needs
25  to go talk to third parties about confidentiality even though

1   we have a protective order in the case.
2           THE COURT:  Discovery is ending in three weeks.
3           MR. WILLIAMS:  Yes, your Honor.
4           THE COURT:  What is the story from the plaintiffs'
5   point of view?
6           MR. LIEBOWITZ:  Your Honor, what defendant wants is
7   licensing for a whole career of my client that's a veteran
8   photographer.
9           THE COURT:  Yes.
10          MR. LIEBOWITZ:  That is unduly burdensome.
11          THE COURT:  How many licenses are there?
12          MR. LIEBOWITZ:  There's a lot.
13          THE COURT:  Come on, counsel.  Stop.  You have said
14  enough magic words that I'm done.  All objections are waived
15  pursuant to my opinion in Fischer v. Forrest.  Have you read
16  that opinion?
17          MR. LIEBOWITZ:  No.
18          THE COURT:  Have you read rule 34 since it was
19  amended?
20          MR. LIEBOWITZ:  I believe so.
21          THE COURT:  What's it say?
22          MR. LIEBOWITZ:  I'm drawing a blank right now.
23          THE COURT:  Rule 34, responses to document requests.
24  What are you allowed to do and not allowed to do under the
25  current version of rule 34?  Okay.  All objections except as to

```
 1   privilege are waived.
 2           MR. LIEBOWITZ:  Okay.
 3           THE COURT:  How soon can you produce absolutely
 4   everything that the defendant asked for?
 5           MR. LIEBOWITZ:  Your Honor, going back to --
 6           THE COURT:  No, no.  Sorry.  Answer my question.
 7           MR. LIEBOWITZ:  Two weeks.
 8           THE COURT:  Not acceptable.
 9           MR. LIEBOWITZ:  Ten days?
10           THE COURT:  Keep going.
11           MR. LIEBOWITZ:  A week?
12           THE COURT:  Friday.
13           MR. LIEBOWITZ:  Okay.
14           THE COURT:  Here is what you are going to do.  Sit
15   down so you can write it down.  2017 Westlaw 773694, Fischer v.
16   Forrest, which was a front-page article in the New York Law
17   Journal.  Not knowing that rule 34 has changed is pretty
18   ridiculous.  Your responses are complete or almost complete
19   violation of rule 34.
20           "General objection.  Plaintiffs object to vague,
21   overbroad, irrelevant request" -- singular, bad grammar there
22   -- "that are not tailored to the issues and subject matter of
23   this litigation."  There is no subject matter discovery
24   anymore.  It's claims and defenses.  That's just the beginning
25   example.  In response to my question when I say how many, you
```

1  say burden and a lot, that's meaningless. So the objections
2  are overruled except as to privilege.
3        You will by Friday file a new set of responses, a new
4  interrogatory response sworn to by your client. As I say, all
5  objections except as to privilege are waived. If you are
6  holding anything on the basis of privilege, there will be a
7  privilege log on Friday listing what is being held on the basis
8  of privilege. We will then be able to move this case to
9  wherever it's going next, which is presumptively some
10 depositions and then a summary judgment motion.
11       Anything else from the plaintiff?
12       MR. LIEBOWITZ: Your Honor, I would like to bring up
13 and to talk to the defendant on terms of limiting that scope to
14 maybe two or three years. He has been in the business for over
15 20 years.
16       THE COURT: Counsel, if you don't read the rules, I
17 gave fair warning in the Fischer decision. The rule change to
18 rule 34 was December 1, 2015. We are now sitting here in May
19 2017. For all lawyers who refuse to read and abide by the
20 federal rules, I bided my time for well over a year. I meant
21 what I said in Fischer.
22       So yes, some of the requests may be overbroad. But
23 because your responses are a crystal clear violation of rule
24 34, I'm not going to parse the requests. To the extent you can
25 cut a deal with defense counsel after the fact, whatever he's

1  willing to negotiate with you on, I leave that up to you and
2  him. But as far as the Court's ruling is concerned, you are
3  responding to everything because you didn't respond to anything
4  the first time around.
5       Are we clear?
6       MR. LIEBOWITZ: Okay.
7       THE COURT: Anything else we need to do today?
8       MR. WILLIAMS: Yes, your Honor. Thank you. Three
9  additional points. I am supposed to take the plaintiffs'
10 depositions next Wednesday and Friday. I would like to keep
11 those on the calendar. But if I get thousands of pages, as I
12 think I should, this Friday when he complies with your order, I
13 would like to request that if I need to ask for a few extra
14 days on the discovery deadline to keep their depositions
15 scheduled -- I think they are agreed to May 24. If I have to
16 look at the documents, I might have to push that date to the
17 26th, which I think is a Friday.
18      THE COURT: Let me ask you both one other question.
19 Does anybody have an expert in this case?
20      MR. WILLIAMS: We will have an expert. It's going to
21 be an in-house employee, who is not required to produce a
22 report. You set the expert disclosure deadline for May 26th, I
23 believe, at the last status conference, and rebuttal exchange
24 is a couple of weeks after that.
25      THE COURT: Technically, you are not doing a report on

1   May 26th, but you will tell them who the expert is so they can
2   depose him if they want.
3            MR. WILLIAMS:  Yes, and what the issue will be.
4            THE COURT:  Is there going to be an expert for the
5   plaintiff?
6            MR. LIEBOWITZ:  Plaintiff is still debating.  We are
7   still determining in the next week or so whether we are going
8   to have one or not.
9            THE COURT:  All right.  I'll extend the fact cutoff to
10  May 26th so that if you need those few extra days on the
11  defense side, you've got it.  When will you have your decision
12  on whether you're having an expert or not?
13           MR. LIEBOWITZ:  It would be by not this Friday, the
14  following Friday.
15           THE COURT:  Which is the 19th?
16           MR. LIEBOWITZ:  Yes.
17           THE COURT:  Notify the Court as well.  If there is no
18  plaintiff expert, then we are going to close the expert cutoff
19  date much sooner and expedite the time for motion practice.  It
20  will depend.  Do you have a date set for the deposition of the
21  defense expert?
22           MR. LIEBOWITZ:  No, not as of yet.
23           THE COURT:  Do you want to take that deposition?
24           MR. LIEBOWITZ:  Yes.
25           THE COURT:  Get it done by May 31.  That is going to

1  be the presumptive cutoff unless there is going to be a
2  plaintiff's expert.
3              MR. WILLIAMS:  If I may, your Honor, I think I have a
4  calendar here, but my recollection is that our disclosure is
5  due May 26th.  Then there was a time for rebuttal.  And I think
6  expert discovery on the actual scheduling order doesn't close
7  until the end of June.
8              THE COURT:  Right.  I'm saying if there isn't going to
9  be anyone other than your witness, then we are done.
10             MR. WILLIAMS:  I see.  Thank you.
11             THE COURT:  I will send out a separate order adjusting
12 the summary judgment notice and motion date so you will get to
13 resolution sooner rather than later.
14             MR. WILLIAMS:  I will have to consult the expert about
15 availability, but I will do everything I can to get it done by
16 the date you set.
17             THE COURT:  Okay.
18             MR. WILLIAMS:  Only other two things I would like to
19 mention.  One is on Friday my client's 30(b)(6) witness is
20 going to sit for deposition.  I just want to be clear that we
21 won't be able to review the documents from the other side for
22 that deposition, so anything he says there will not include the
23 benefit of knowing what we've gotten in discovery.  I just
24 wanted to note that for the record.
25             THE COURT:  Do you want to kick that deposition to the

1  following Monday instead?

2  MR. WILLIAMS: I would rather not because the witness
3  is quite busy and I don't know that he is in town that Monday.
4  I know he will be available for prep this week and available on
5  Friday, although we don't have a location yet from plaintiff as
6  to exactly where that deposition is going to be. But it will
7  be somewhere here in Manhattan.

8  The final thing I would like to request, and I do this
9  cautiously because I really don't like to overdo these
10 requests, I feel in this instance that sanctions under rule 37
11 are appropriate just with respect to Mr. Liebowitz's firm
12 paying the cost of preparing the letter and me attending here
13 today. So I submit that to your Honor.

14 THE COURT: How much time did you spend on the letter?

15 MR. WILLIAMS: The letter itself I spent two hours. I
16 think total between prep time and attending here today, it's
17 probably about six hours communicating, meet-and-confer,
18 emails. My billing rate is 635 an hour. So just the cost of
19 the letter would be roughly $1300 for the entirety of the prep
20 and motion it would be around 6,000.

21 THE COURT: Mr. Liebowitz?

22 MR. LIEBOWITZ: To bring up the other point he
23 mentioned at the last conference in terms of sanction, the
24 defendant on not appearing and about the default judgment,
25 defendant has not brought that up.

1          THE COURT:  What's that got to do with the fact that
2    Mr. Williams schlepped up from D.C. because you sent out --
3          MR. LIEBOWITZ:  Did he come up from D.C.?
4          MR. WILLIAMS:  I did come from D.C.  I wasn't
5    submitting to you my travel time just now.  And I would say
6    about the prior conference, that of course was before I was
7    retained, but I did read your transcript carefully.  My
8    understanding was that plaintiff ultimately agreed that he had
9    served the wrong party and needed to amend, which he did.
10         [I asked him specifically when I first appeared in the
11   case whether there was anything from that conference we needed
12   to discuss, and he said no, other than whether we were going to
13   submit the entire trial to you.  If he wanted to talk about
14   that, he should have raised it at that time.
15         THE COURT:  Any reason you shouldn't pay for all or
16   some of this time?
17         MR. LIEBOWITZ:  It's because it wasn't too late.  Our
18   responses were due a week ago and we provided the documents a
19   week later.  It's not months later.
20         THE COURT:  Counsel, did you call Mr. Williams or
21   email him over the weekend saying I just got a lot of documents
22   from my client and I'll be giving them to you Monday?
23         MR. LIEBOWITZ:  I don't remember exactly what the
24   email said, but I told him that I would get them to him soon.
25         THE COURT:  You also said you would get them to him on

1  May 2, I believe it was.  That date passed.  Then Mr. Williams
2  wrote a letter to the Court.  The Court set a conference for
3  today.  Until I walked in the room, I had no idea you filed
4  anything new, and apparently Mr. Williams learned about it in
5  transit.
6         MR. LIEBOWITZ:  Yes.
7         THE COURT:  Let me put it to you this way.  We are
8  here at a conference.  Whose fault is it we are having the
9  conference, plaintiff's or defendant's?
10        MR. LIEBOWITZ:  Plaintiff was going to get them the
11 documents.  We could have had a phone conversation over the
12 phone to save the costs.
13        THE COURT:  Did you call?
14        MR. LIEBOWITZ:  Call?
15        THE COURT:  I don't do phone conferences when people
16 are in default.  I was able to quickly look at the documents
17 you produced.  I would not have been able to do that if you
18 were on the phone.  The question is did you call Mr. Williams
19 or any of his colleagues since he wrote the May 4 letter and/or
20 since the Court set the order that we would be talking about
21 this today to say, you know, maybe we don't need the
22 conference, I guarantee you you will have documents Monday
23 morning?
24        MR. LIEBOWITZ:  It wasn't explicit there.
25        THE COURT:  That sounds like a yes-or-no question.

1           MR. LIEBOWITZ:  Well, no, because I wasn't sure when I
2   would get the documents from my client.  I got to them right
3   after the weekend, since last Monday, and I gave him
4   documents --
5           THE COURT:  When did you get the documents?
6           MR. LIEBOWITZ:  I got them over the weekend.
7           THE COURT:  When?
8           MR. LIEBOWITZ:  Saturday, Saturday night.
9           THE COURT:  Which is it?
10          MR. LIEBOWITZ:  Saturday night.
11          THE COURT:  Saturday night or Sunday morning did you
12  contact Mr. Williams?
13          MR. LIEBOWITZ:  No, because I had something personal
14  that I had to do on Sunday.
15          THE COURT:  And there wasn't two minutes to shoot off
16  an email.
17          MR. LIEBOWITZ:  I had a family obligation on Sunday.
18          THE COURT:  All right.  You're not helping yourself.
19  Any objection to the billing rate?
20          MR. LIEBOWITZ:  Yes.  We object to that.
21          THE COURT:  On what basis?
22          MR. LIEBOWITZ:  We object.  We would like to see that
23  in writing and a breakdown.
24          THE COURT:  Okay.  I will make Mr. Williams file a
25  motion and I will give fees on fees.  Is that the route you

1   want to go?  In other words, if he has to spend two, three
2   hours preparing a motion and if I grant the motion, which I
3   will grant -- the only question is how many dollars and how
4   many hours -- you will pay whatever, whether it is 600 now
5   or -- what is your billing rate?
6            MR. LIEBOWITZ:  My billing rate?
7            THE COURT:  Yes.
8            MR. LIEBOWITZ:  275.  Your Honor, as discussed, if you
9   want to cancel it out as opposed to the thousand dollars --
10           THE COURT:  You are not listening.  Fees are awarded
11  in the amount of $2,000, period, to be paid by Friday.
12           MR. WILLIAMS:  Thank you, your Honor.
13           THE COURT:  If it's not paid by Friday, there will be
14  additional sanctions.  Are we clear?
15           MR. LIEBOWITZ:  Yes.  What about the thousand
16  dollars --
17           THE COURT:  Make a motion.
18           MR. LIEBOWITZ:  Are you going to do fees on fees on
19  that too?
20           THE COURT:  Probably not.  Where did this come from?
21           MR. LIEBOWITZ:  Your Honor stated last time that we
22  discussed that defendant owes plaintiff a thousand dollars.
23           THE COURT:  Is that what I said?
24           MR. LIEBOWITZ:  Yes.
25           THE COURT:  What page of the transcript?

1          MR. LIEBOWITZ:  I don't have the exact page.

2          MR. WILLIAMS:  I have the transcript here.  I was not
3    at that conference, of course, your Honor, but I have read the
4    transcript.  My understanding was that he served the wrong
5    party.  He filed a default judgment motion.  Your Honor said a
6    number of times during the hearing that the paperwork submitted
7    was insufficient and that the documentation was not enough to
8    back up what he was requesting.

9          You did, I think, instruct the parties to talk about
10   whether there was any need for sharing of the cost, but I
11   thought that that was related to whether or not plaintiff was
12   going to stand by the default judgment motion and insist that
13   the right party was served.  Ultimately, he decided not to do
14   that and to amend the complaint.

15         As I said, at the time that I appeared in the case, I
16   specifically asked Mr. Liebowitz if there was anything from
17   that hearing that we needed to discuss, and he said no, and
18   whether we would use you as trial judge in the case.  That's my
19   understanding.

20         THE COURT:  I'm looking at pages 7 through 10, or 9
21   roughly.  I suggest, Mr. Liebowitz, that you do what the Court
22   said, which is everybody follow up on that.  You may get an
23   offset of some of this 2,000 bucks.  But it really is not a
24   good idea to misrepresent what was said at a court conference.

25         Do you think we should have a conference on Monday to

1    make sure that the documents were produced, or should I leave
2    it that I will get a letter from Mr. Williams if the documents
3    weren't produced?  And I really feel sorry for you, Mr.
4    Liebowitz, if that is the case.  What is your pleasure on both
5    sides?
6              MR. WILLIAMS:  My preference would be that I submit a
7    letter and let you know.  I will be in New York most of next
8    week to prepare my client's deposition.
9              THE COURT:  Other than Monday, I will not be
10   available.  That's why we can either bring you in on Monday or
11   not.
12             MR. WILLIAMS:  It might be a good idea, then, to set
13   the conference just so that your Honor's schedule works with
14   what we need to deal with.  I'm happy to be here.
15             THE COURT:  Mr. Liebowitz?
16             MR. LIEBOWITZ:  Yes, that's fine.
17             THE COURT:  Monday, May 15th, at 9:00 a.m.  I will
18   accept a joint letter on the ECF system so I will see it over
19   the weekend if you both agree that there is no need for the
20   conference.  You can give the transcript back to Mr. Williams.
21             Anything else from either side about discovery?
22   You're getting close to the end without having done a lot of
23   work to get there.
24             MR. LIEBOWITZ:  Your Honor, one point that I want to
25   bring up.  The parties are close to a settlement number.  I

1    think defendant is dragging this on unnecessarily.
2             THE COURT:  What's the benefit to it paying $600 an
3    hour to Mr. Williams for dragging it on?
4             MR. LIEBOWITZ:  Dragging it on, one thing could be his
5    fees.  The parties are a few thousand dollars apart.
6             THE COURT:  Stop.  Maybe we can save everyone time and
7    money.  Are you willing to talk settlement for five minutes
8    with me?
9             MR. LIEBOWITZ:  Yes.
10            THE COURT:  Mr. Williams?
11            MR. WILLIAMS:  I'm happy to, your Honor.
12            THE COURT:  On or off the record?
13            MR. LIEBOWITZ:  Off the record.
14            THE COURT:  Off the record.
15            (Discussion off the record)
16            THE COURT:  The parties and I have been discussing
17   settlement.  The gap is more than $1,000 that Mr. Liebowitz
18   referred to.  I can't say any more on the record other than I'm
19   not happy when a lawyer does not use words precisely.  I invite
20   counsel to talk settlement between now and Friday, between now
21   and the deposition on Monday, or you will just be spending
22   money that could better go towards settlement.
23            As I was starting to say off the record and realized
24   we were off the record, I'm warning you, Mr. Liebowitz, to warn
25   your clients the deadline is 5 p.m. on Friday.  I want you to

1  send a copy to me with a cover letter and the material attached
2  thereto.  If you just try to file a discovery response directly
3  on ECF, the system will likely bounce it.  I am going to see
4  what comes in at 5 o'clock on Friday.  If it is not on the
5  system at 5 o'clock on Friday, penalties will start accruing.
6  　　　　　To reiterate what I just said off the record,
7  interrogatory answers must be full and must be signed by the
8  clients.  Document requests: no objections are allowed except
9  as to privilege.  Everything else has been waived by my ruling
10 today.  For your amended responses, it will say request number
11 1, repeat the request, and say attached hereto are the
12 following documents or whatever.
13 　　　　　I also note that you have produced these documents on
14 paper.  I'm not sure whether any of them are ESI,
15 electronically stored information, which the rules require to
16 be produced as ESI, not printed to paper.  I really think it
17 would be advisable, Mr. Liebowitz, to read the federal rules.
18 　　　　　With that, hopefully you will settle.  If not, you
19 will let me know where we are going with the expert deadline
20 and assume that the date for the summary judgment motion will
21 probably be the end of June or somewhere right before July 4th
22 if there is not going to be a plaintiff expert.
23 　　　　　MR. WILLIAMS:  One quick question, your Honor.  You
24 had said if plaintiff does not designate an expert, we should
25 have our expert's deposition by a date certain.  I did not get

1   that noted.  Do you have that date in front of you?
2           THE COURT:  May 31.  That gets you a little bit past
3   Memorial Day.
4           I will see you 9 o'clock sharp on Monday unless I get
5   a letter from both sides, at least from the defendants, saying
6   the responses are sufficient, maybe not great but sufficient,
7   that we don't need for you all to come in.
8           I'm going to require both sides to purchase the
9   transcript.  Seriously, sit down and work your settlement out.
10  The gap is bigger than Mr. Liebowitz said, but it would be
11  silly for you to spend the money for four depositions
12  considering the gap and what a deposition costs just for the
13  court reporter let alone for lawyer time on both sides.
14          We are adjourned.
15          (Adjourned)