UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

FRAN JANIK, et al.,

        Plaintiffs,

    v.                              16 Cv. 7308 (JGK)

SPIN MEDIA LLC, et al.,

        Defendants.

------------------------------x

                              April 19, 2017
                              2:30 p.m.

Before:

             HON. ANDREW J. PECK,

                        Magistrate Judge

               APPEARANCES

LIEBOWITZ LAW FIRM, PLLC
    Attorneys for Plaintiff
BY:  RICHARD LIEBOWITZ

MITCHELL SILBERBERG & KNUPP L.L.P.
    Attorney for Defendant SMG Media, Inc.
BY:  J. MATTHEW WILLIAMS

1           (In chambers; phone conference)

2           THE COURT:  Counsel, this is Judge Peck.  Sorry to
3   keep you waiting.

4           Please start by telling me your names for the court
5   reporter's appearance, and each time you speak start with your
6   name.

7           MR. LIEBOWITZ:  Richard Liebowitz, Liebowitz Law Firm,
8   counsel for plaintiffs, Fran Janik and Steven Hirsch.  Good
9   afternoon, your Honor.

10          MR. WILLIAMS:  Good afternoon, your Honor.  This is J.
11  Matthew Williams of MSK.  I am counsel for the defendant, SMG
12  Media, Inc.

13          THE COURT:  All right.  Let's start, how are we doing
14  in discovery?

15          Mr. Liebowitz.

16          MR. LIEBOWITZ:  Your Honor, the responses to discovery
17  requests are due next week and the parties are going to gather
18  more information regarding information to discuss settlement.
19  So that's where the parties are at now, and hopefully in the
20  upcoming weeks, after there is some discovery, the parties
21  could discuss settlement and hopefully come to an amicable
22  resolution.

23          THE COURT:  All right.

24          MR. WILLIAMS:  Yes, your Honor.  The parties have
25  exchanged discovery requests.  The responses and document

1  productions are coming up very soon. We have also proposed a
2  draft protective order to plaintiffs' counsel yesterday.  I am
3  hoping that he will be able to approve that draft by tomorrow
4  so that we can get it to you and hopefully get that signed off
5  on before the discovery responses come due.
6        Then our view on the settlement issue, if I may speak
7  to that for just a minute, is that we think it would likely be
8  productive the week of May 8 to have a settlement conference in
9  front of your Honor.  Unfortunately, so far the parties are
10  very far apart, and that is in part, from our point of view,
11  due to the fact that I am right now defending four separate
12  cases for this same client filed by Mr. Liebowitz's firm, all
13  in front of separate judges, and we are having some difficulty
14  getting them all discussed together instead of piecemeal.
15        Mr. Liebowitz's firm has filed over 200 of these types
16  of cases in the last year or so, and so that fact is making it
17  difficult for us to come to an agreement, because my client is
18  very hesitant to offer a high settlement payment that we think
19  is disproportionate to the facts at issue because all that is
20  going to do is encourage more of these kind of low-value cases
21  to get filed.  So that's where we are coming from at this
22  point.
23        THE COURT:  All right.  Well, in terms of settlement,
24  you should know that I require the parties -- that is to say,
25  whoever from the client has full settlement authority -- to be

1  there, and it is my practice to only do one settlement
2  conference in a case.  So whatever time period is the one you
3  all think is the most appropriate, subject to my schedule --
4  and, obviously, the sooner you seek to get it on my schedule,
5  the more likely you are to get the time you want -- it would
6  obviously be a good idea if the plaintiff had made a settlement
7  demand and the defendant had responded even before you try to
8  set up a settlement conference with me, and by that I mean real
9  numbers, not that the plaintiff wants three times the gross
10  national product and the defendant offers a ten dollar
11  MetroCard.
12          So in terms of that, whenever you're all ready, gather
13  your clients' availabilities and your availabilities and call
14  my secretary, and we will put you on the calendar.
15          In terms of the more general description of where
16  things are that I was hearing from Mr. Liebowitz, just remember
17  you have a fact cutoff of May 24 and an expert cutoff of June
18  30, and since I just set that fairly recently, with you all
19  knowing what you had to do by when, I am probably not going to
20  be inclined to extend that date.  So do what you have got to do
21  to put yourselves in a position either to settle or, if you
22  don't settle, to proceed with the case.
23          Lastly, or next to last from me, at the conference we
24  had way back in February you were all supposed to confer and
25  give me your response on whether you wanted the case in front

1     of me for all purposes, pursuant to 28, U.S. Code, Section

2     636(c), and to the best of my knowledge, I never heard back

3     from you all, despite the deadline for that having passed.

4              So where are we on that?

5              MR. LIEBOWITZ:  Your Honor, we did both discuss it,

6     and we would like it in front of judge --

7              THE COURT:  Judge Koeltl, that's the word you're

8     looking for, or the district judge, however you want to

9     generically put it.  That's fine.  That is your respective

10    rights.  I wasn't trying to twist anyone's arm.  I just wanted

11    to know the answer.

12             Do you want a status conference date in the next few

13    weeks or do you want to leave it that you will contact me if

14    there are problems and otherwise you know what you have got to

15    do?

16             MR. LIEBOWITZ:  I think so.  I think that's the best

17    thing from plaintiffs' end, to leave it the way it is and let

18    it continue.

19             MR. WILLIAMS:  Yes, your Honor.  I don't think we need

20    to put another date on the calendar until we exchange responses

21    and see if there are any disputes that we can't work through on

22    our own.

23             I did want to raise one question, which is we have

24    close of expert discovery, as I think you mentioned, on June

25    30.  There are no deadlines for exchange of disclosures in the

1    scheduling order, which I think under the rules would mean that
2    basically the end of this month, given the current date of the
3    pretrial conference, assuming no one filed a dispositive
4    motion, would be the deadline for expert disclosures.
5         We currently think that we will use an inside expert
6    that isn't required to produce a report, but I don't know where
7    plaintiff is coming from on that.  So my thinking was that we
8    set disclosure deadlines of May 26, and then if there is any
9    rebuttals, exchange those on June 9, and that will still give
10   us three weeks to finish any expert depositions.  I will just
11   put that in front of your Honor for approval.
12        THE COURT:  Mr. Liebowitz, does that work for you?
13        MR. LIEBOWITZ:  I just was confused a little bit about
14   what Matt was saying.  So meaning the experts' initial
15   disclosures would be due at what point?
16        THE COURT:  May 26.
17        MR. WILLIAMS:  That's right.
18        MR. LIEBOWITZ:  On both ends?
19        MR. WILLIAMS:  That was my thinking, just get it done
20   quickly with both sides going on the same date and then both
21   sides doing rebuttal on June 9.
22        MR. LIEBOWITZ:  That works.
23        THE COURT:  Then that is approved and so ordered.
24        MR. WILLIAMS:  Thank you, your Honor.
25        THE COURT:  Are you planning on having an expert on

1    the plaintiffs' side?
2             MR. LIEBOWITZ:  I am still discussing it with my
3    clients on that issue.
4             THE COURT:  When you figure that out, even before May
5    26, why don't you alert defense counsel and the Court so we
6    know where things are going.  Conceivably, it may be that
7    neither of you are going to have an expert, in which case we
8    are done with discovery at the end of May.
9             MR. LIEBOWITZ:  Yes.
10            MR. WILLIAMS:  One last thing.  If the parties don't
11   come to an agreement on whether a settlement conference in
12   front of your Honor would be hopeful, would you still want us
13   to request one, if we want one, for example, and the plaintiff
14   does not, or do you want there to be an agreement on that
15   before someone requests a conference?
16            THE COURT:  Obviously, if there isn't even agreement
17   on whether to have the conference, it's going to be much harder
18   to settle the case.  On the other hand, it does not require
19   unanimity.  Indeed, both parties could at least, in theory, say
20   we don't want a settlement conference and the Court could still
21   direct that there be one.  So as long as you give me the
22   appropriate information, so a letter saying we want the
23   settlement conference, we received a demand of X from the
24   plaintiff and we think, well, that is high, it's a settable
25   case, or whatever, give me enough information to let me decide

1   whether it's worthwhile or not, you can with lack of
2   uniformity, lack of agreement, request a conference.
3           MR. LIEBOWITZ:  OK.
4           MR. WILLIAMS:  Thank you, your Honor.
5           THE COURT:  As I say, remember, if I do it, and it
6   turns out not to be useful because the other side didn't want
7   it and we dragged them in kicking and screaming or whatever,
8   there may not necessarily be another one.
9           So sort of it's the Goldilocks principle.  You don't
10  want to do it too late after a lot of legal fees.  You don't
11  want to do it too soon when you all don't know each other's
12  positions.  You want to look for the time that's just right.
13          MR. LIEBOWITZ:  Thank you, your Honor.
14          THE COURT:  Anything else from either side?
15          MR. LIEBOWITZ:  Nothing from plaintiffs.
16          MR. WILLIAMS:  Nothing further from defendant, your
17  Honor.
18          THE COURT:  All right.  In that case, I am going to
19  direct both sides to purchase the transcript, which gets you an
20  even split of the cost.  You can order it online,
21  www.sdreporters.com.
22          With that, we are adjourned.
23          MR. LIEBOWITZ:  Thank you.
24          (Adjourned)
25