

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

June 5, 2017

**BY ECF**

U.S. District Court Judge John G. Koeltl
U.S. District Court for the SDNY
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St. New York, NY 10007-1312

Re: Janik v. SMG Media, Inc., No. 16-cv-7308 (JGK)(AJP) – Letter Regarding Request For Pre-Motion Conference Concerning Defendant's Summary Judgment Motion

Dear Judge Koeltl:

We are counsel for Defendant SMG Media, Inc. I write to notify the Court of Defendant's intention to move for summary judgment. Per Your Honor's Individual Practices, Defendant accordingly requests a pre-motion conference. On May 15, 2017, Magistrate Judge Peck amended the Scheduling Order to require the parties to notify the Court by today's date of whether they intend to move for summary judgment. Magistrate Judge Peck also set a new dispositive motion deadline of June 19, 2017, subject to Your' Honor's approval.

**Case Background**

This lawsuit alleging copyright infringement of two separate photographs on two separate websites was initiated by two Plaintiffs, Fran Janik and Steven Hirsch. On May 24, 2017, Magistrate Judge Peck issued an order approving voluntary dismissal of Janik's meritless claim ***with prejudice***.[1] Accordingly, Hirsch is the only remaining Plaintiff in the case.[2]

Hirsch, who has filed at least eleven cases in this district since January 2016, alleges that Defendant's predecessor and successor in interest displayed a photograph on the website www.thefrisky.com without Hirsch's permission.[3] The frisky.com website focuses on news stories related to subject matter of interest to women. The photograph at issue (the "Photo") is of Brandon Kiehm, an individual who was arrested for defrauding women using the mobile dating application "Tinder." In order to convince women to give him money, Kiehm allegedly pretended to have relatives with cancer who were in need of treatment. Hirsch took the Photo at the courthouse as Kiehm was exiting the courtroom. The NY Post hired Hirsch to take the

---

[1] Magistrate Judge Peck previously denied an attempt by Janik and Hirsch to dismiss their claims without prejudice.

[2] Defendant intends to move for an award of attorneys' fees and costs against Janik pursuant to 17 U.S.C. § 505.

[3] At the time that the photograph was posted to the website in February 2016, it was owned by SpinMedia Group, Inc.. CPX Interactive LLC later acquired the website in September 2016. Defendant SMG Media, Inc. was named as the party to this lawsuit because it is indemnifying CPX Interactive LLC.



U.S. District Court Judge John G. Koeltl
June 5, 2017
Page 2

Photo.[4]  Hirsch did not ask Kiehm to pose for the Photo; did not light the setting for Photo; and did not stage the Photo.  Kiehm was wearing a hooded coat and baseball cap.  His face is visible.

On February 16, 2016, the NY Post displayed the Photo in an article on its website.  However, there is no evidence that the NY Post ever published the article in print.  The article was titled "Jerk faked family's cancer to get $26K from women on Tinder."  On the webpage where the article was displayed, the Photo was credited to Hirsch below the Photo.  However, there was no copyright notice on the Photo and Hirsch's name did not appear on the Photo.

Two days later, a freelance writer for thefrisky.com, Robyn Pennacchia, wrote an article for the website titled "SWIPE LEFT: Tinder Dirtbag Scammed Women For $26,000 With Fake Cancer Claims."[5]  In the piece, Pennachia warned women of the specific scam at issue and the prevalence of online scams.  The Photo was displayed in the article.  Credit was provided below the Photo to the NY Post.  Nothing was removed from the Photo.  However, thefrisky.com version altered the Photo by inserting the words "SWIPE LEFT" in the upper left corner.

After waiting seven months from the time he first discovered the use of the Photo by thefrisky.com, and without contacting Defendant in advance to request removal of the Photo or to discuss a pre-suit settlement, Hirsch filed this lawsuit.[6]  He alleges copyright infringement under 17 U.S.C. § 501 and that Defendant is liable for supposedly removing "copyright management information" ("CMI") from the Photo under 17 U.S.C. § 1202.

**Grounds For Summary Judgment**

     1.    *Infringement Claim – Failure To Establish Registration*:  Plaintiff must establish he registered the Photo with the Copyright Office.  17 U.S.C. § 411  Plaintiff cannot meet that burden.  Defendant requested all documents concerning Plaintiff's registration, including the deposit copy.  Plaintiff produced no documents other than a certificate in response to a court order.  He also testified that he deleted all copies of the Photo from his computer.  Without producing the deposit copy, Plaintiff cannot prove the registration covers the Photo.

     2.    *Infringement Claim – Fair Use*:  "[T]he fair use of a copyrighted work … for purposes such as criticism, comment, [or] news reporting … is not an infringement of copyright."  17 U.S.C. § 107.  Here, all of the fair use factors favor Defendant.  First, the nature of the use is transformative because Defendant used the Photo in a news report that warned

---

[4] Defendant has no way of knowing whether Hirsch sold his rights to the NY Post because Hirsch failed to produce his contracts with the Post.  Hirsch also deleted all the documents related to the Photo from his laptop and deleted and/or failed to produce licensing statements related to the Photo and his other licensing efforts.  Magistrate Judge Peck ordered production of these documents and Hirsch violated that order.  Although he testified he could have obtained documents from the NY Post, he never asked the Post for them.  Others, he just did not look for.  Defendant will soon request that Magistrate Judge Peck issue a default judgment against Hirsch under F.R.C.P. 37.

[5] The reference to SWIPE LEFT in the title refers to the fact that on the Tinder dating application, a person swipes right on the screen if they are interested in meeting a person and they swipe left if they are not interested in meeting.

[6] Hirsch purportedly registered the Photo with the Copyright Office on May 15, 2015.  However, Hirsch has failed to produce any documentation to demonstrate that the registration actually covers the Photo.

8944832.1/48203-00001



U.S. District Court Judge John G. Koeltl
June 5, 2017
Page 3

women about an Internet scam artist.[7] *See Swatch Grp. Mgmt. Serv. v. Bloomberg LP*, 756 F.3d 73, 84 (2d Cir. 2014) ("In the context of news reporting and analogous activities, moreover, the need to convey information to the public accurately may in some instances make it desirable and consonant with copyright law for a defendant to faithfully reproduce an original work without alteration."); *Righthaven, LLC v. Hoehn*, 792 F. Supp. 2d 1138 (D. Nev. 2011) (posting an entire news story to a blog website to stimulate public comment was fair). Second, the allegedly infringed work is factual in nature. Hirsch's objective was simply to capture an image of Kiehm's face so that news reports could show readers what he looked like. *See Katz v. Chevaldina*, 2014 U.S. Dist. LEXIS 88085, at *21 (S.D. Fl. 2014) ("not all photographs are creative works"). Third, the amount of the Photo used by thefrisky.com was reasonable in light of its news reporting purpose. To warn women about Kiehm's scam, it was necessary to show the entire Photo, which is a close up of Kiehm. *See Nunez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 24 ("[Defendant] admittedly copied the entire picture; however, to copy any less than that would have made the picture useless to the story."). Fourth, Plaintiff cannot establish any harm to any potential market for the Photo or to the value of the Photo. Due to his failure to comply with a court order, Hirsch is precluded from introducing any evidence related to his prior licenses of the Photo or any licensing opportunities. Moreover, he testified that he has no evidence that the use of the Photo had any effect on his ability to license the Photo.

3. *Infringement Claim – No Statutory Damages*: Hirsch may only seek statutory damages and attorneys' fees if he can prove that either (i) the Photo was registered before the infringement commenced or (ii) the Photo was registered within three months of publication. 17 U.S.C. § 412. Option (i) is unavailable to Hirsch. Moreover, the Photo was never published. Publication requires "the distribution of copies … of a work to the public by sale or other transfer of ownership … The offering to distribute copies … to a group of persons for purposes of further distribution, public performance or public display, constitutes publication. ***A public performance or public display of a work does not itself constitute publication***." 17 U.S.C. § 101 (emphasis added). Here, the Photo was merely displayed. It was not distributed. *See McLaren v. Chicos FAS, Inc.*, 2010 U.S. Dist. LEXIS 120185, at *12 (S.D.N.Y. Nov. 9 2010), quoting *Einhorn v. Mergatroyd Prods.*, 426 F. Supp. 2d 189, 197 n.5 (S.D.N.Y. 2006) ("'merely posting a digital file' on the Internet does not amount to 'publication' under the Copyright Act"). Moreover, Plaintiff has admitted that he did not offer to distribute copies of the Photo to anyone.

4. *Removal of CMI Claim*: 17 U.S.C. § 1202 prohibits any person from "intentionally remov[ing] or alter[ing] any copyright management information" from a copy of a work "having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement …" Proving a Section 1202 claim requires "the existence of CMI ***on*** the [copyrighted work] …" *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (emphasis added). Here, Defendant did not remove anything from the Photo. Moreover, there was no intent to conceal anything because thefrisky.com credited the Photo to the NY Post and no copyright notice in Hirsch's name or other CMI was ever on the Photo.

---

[7] Although both the NY Post story and the story on thefrisky.com can be characterized as news, Hirsch conceded at deposition they are different in that the NY Post story was a straight news story whereas the Defendant's story was a "lifestyle" story focused on "online dating" as opposed to just the criminal case against Kiehm.

Case 1:16-cv-07308-JGK-AJP   Document 53   Filed 06/05/17   Page 4 of 4



U.S. District Court Judge John G. Koeltl
June 5, 2017
Page 4

## Conclusion

Defendant respectfully submits that it has strong bases for summary judgment.

Respectfully submitted,
/s/ J. Matthew Williams
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP