

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

June 7, 2017

**BY ECF**

Hon. Andrew J. Peck
Magistrate Judge
United States District Court for the Southern
District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: Hirsch v. SMG Media, Inc., No. 16-cv-7308 (JGK)(AJP) – Letter Requesting Pre-Motion Conference Re Sanctions For Failure To Comply With A Court Order And Destruction Of Electronically Stored Information**

Dear Judge Peck:

I write on behalf of SMG Media, Inc. ("SMG") to request a discovery conference regarding Defendant's intent to request a default judgment and other sanctions against Steven Hirsch and his counsel. On May 8, 2017, the Court ordered Hirsch to produce all documents requested by SMG by May 12, 2017. On June 1, 2017, Hirsch testified that he did not attempt to locate the documents and was not even aware of the Court's order. Mr. Hirsch also testified that he intentionally deleted and failed to preserve electronically stored information that was highly relevant to this case. Given this egregious conduct, SMG respectfully submits that issuance of a default judgment is the appropriate remedy. In the alternative, adverse inferences should be ordered. SMG also respectfully submits that monetary sanctions are appropriate.[1]

**Background**

On May 8, 2017, counsel for the parties appeared in front of Your Honor for a conference regarding Hirsch's clearly improper objections and lack of documents production. The Court ordered Hirsch to respond properly to all interrogatories and to produce all responsive documents by May 12, 2017. May 8, 2017 Conference Transcript at 4:13-6:10.

On May 15, 2017, counsel again appeared in front of Your Honor concerning the remaining deficiencies with Hirsch's document production and interrogatory responses. After counsel for Hirsch represented that Hirsch did not possess any responsive documents other than the handful of pages he produced, the Court issued an adverse inference against Hirsch stating that he could not introduce any testimony or rely on any documents related to any licenses he had not

[1] SMG also requests that the Court order lead counsel for Hirsch, Richard Liebowitz, to attend the conference. I will be in NY for a court appearance in a separate case at 10:00 a.m. on June 9 if that date is convenient for the Court.





produced. The Court declined to issue any additional sanctions and suggested counsel for SMG explore at deposition whether documents existed or had been destroyed. *Id.* at 8:19-11:11.

On June 1, 2017, Hirsch appeared for his deposition.[2] His testimony confirms that he and his counsel have ignored their discovery obligations and the Court's orders. He testified as follows:

- Hirsch had never seen SMG's document requests and had done nothing since the lawsuit was filed to attempt to collect any responsive documents. Ex. A (Transcript) at 57:5-58:3.

- Hirsch was not aware that the Court ordered him to produce documents responsive to SMG's requests and to respond fully to SMG's interrogatories. *Id.* at 30:14-30:24.[3]

- No one asked Hirsch to collect the documents he was ordered to produce. *Id.* at 45:3-47:13; 85:20-85:24.

- Hirsch receives information from the NY York Post, which licensed the photograph at issue in this case (the "Photo"), regularly through email and an online account for payments. *Id.* at 52:13-52:18; 69:20-75:5; 84:6-85:3. The Post willingly provides information about the photographs upon request. *Id.* at 46:18-47:10. But, Hirsch had not looked for any of the licensing agreements or statements or asked anyone at the Post for them. *Id.* at 75:6-76:19.

- Hirsch deleted all of his emails in the account where he does most of his business roughly one year ago – *after* he was aware of his claim against SMG in February 2016. *Id.* at 53:14-56:11; 82:9-82:20. All emails with the Post about the Photo, the Post's license to use it, and other licensing related communications were likely deleted. *Id.* Hirsch also testified that he regularly deletes emails from all his accounts and has not checked any of the accounts to produce documents for the lawsuit. *Id.* at 55:20-56:11. Some responsive documents likely exist. *Id.*

- Hirsch regularly deletes documents on his laptop to free up space and any documents related to the Photo and licenses were deleted. *Id.* at 50:6-50:25. He also deleted many documents on his laptop right before his May 16, 2017 trip. *Id.*

- Hirsch regularly receives by email licensing statements from a company called "Splash," but he did not look for any copies that he may possess; log into his online account with Splash to see if they could be retrieved; or request copies from Splash. *Id.* at 85:6 – 90:7.[4]

---

[2] Hirsch skipped his court-ordered May 19, 2017 deposition so that he could go on a trip to Kansas, Texas and New Mexico to take photographs. Ex. A (Transcript) at 13:12-15:9. He was in New York on May 15, 2017, the date the Court issued its order, and he nevertheless left town on May 16, 2017. *Id.* at 15:15-16:17. He initially testified that he was not informed by his counsel of the Court's order or of the original deposition notice. *Id.* at 12:12-13:5. He later, after prompting by his counsel, stated that he was aware of the deposition notice, but was unsure whether he was informed by counsel of the Court's order. *Id.* at 104:21-108:21.

[3] Hirsch testified that even though he had signed his interrogatory responses, he did not fully read them. Ex. A (Transcript) at 25:5-25:22; 26:6-26:13.





**Sanctions, Including Entry of Default Judgment, Are Appropriate Under Rule 37(b) & (e), Rule 41(b), And The Court's Inherent Authority**

Rule 37(b)(2)(A) allows for an order "dismissing the action or proceeding in whole or in part" or entering "a default judgment against the disobedient party" where a party fails to comply with a court order. "Courts have not hesitated to dismiss actions pursuant to Rule 37(b)(2) in appropriate situations." *Woo v. City of New York*, 1997 U.S. Dist. LEXIS 7315, at *22-23 (S.D.N.Y. May 23, 1997) (Peck, J.). *See also* F.R.C.P. 41(b) ("If the plaintiff fails … to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Here, Hirsch and his counsel clearly did not even attempt to comply with the Court's order to collect and produce all documents responsive to SMG's requests.

It is also clear that Hirsch intentionally deleted relevant documents from his email accounts and laptop. The Court has inherent authority to sanction such intentional deletion of electronically stored information. *See Hsueh v. New York State Dep't of Fin. Servs.*, 2017 U.S. Dist. LEXIS 49568, at *11 (S.D.N.Y. Mar. 31, 2017); *Cat3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 498 (S.D.N.Y. 2016).[5]

SMG submits that a default judgment is the correct remedy. Alternatively, adverse inferences should be ordered. SMG will also request monetary sanctions against Hirsch and his counsel to cover the reasonable expenses incurred by SMG for attending the May 15, 2017 conference to inform the Court of Hirsch's failure to produce the documents he was ordered to produce by May 12, 2017; for the time spent to draft a letter to the Court on May 14, 2017 to inform the Court of continued production deficiencies; for the fees incurred by SMG for time at deposition spent on confirming Hirsch's discovery failures; for the preparation of this letter; and for attending any conference scheduled by the Court in response.[6]

In addition to sanctioning Hirsch and his counsel as discussed above, SMG submits that it would be appropriate for the Court to consider fining Hirsch's counsel given that counsel apparently never even informed their client of the Court's various discovery orders. *See Miltope Corp. v. Hartford Casualty Ins. Co.*, 163 F.R.D. 191, 195 (S.D.N.Y. Aug. 2, 1995) (Peck, J.).

---

[4] On May 15, 2017, counsel for Hirsch represented the opposite regarding asking Splash for responsive documents. May 15, 2017 Conference Transcript at 6:5-6:16.

[5] In addition, "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." F.R.C.P. 37(e).

[6] The Court previously reserved decision on whether to issue monetary sanctions related to Plaintiff Fran Janik's failure to appear at his deposition. May 23 Conference Transcript at 16:13-15. Given he elected not to appear on May 31, 2017 and to dismiss with prejudice, SMG submits that Janik's counsel should be ordered to pay for SMG's time preparing for the originally ordered May 17, 2017 Janik deposition.





**Conclusion**

Defendant looks forward to discussing these matters with Your Honor.

Respectfully submitted,

/s/J. Matthew Williams
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

cc: Christine Lepera, Esq.
Richard Liebowitz, Esq.
Kate Tsyvkin, Esq.