June 8, 2017

**By ECF**

Honorable Judge John G. Koeltl, U.S.D.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street,
New York, NY 10007-1312

Re: Hirsch v. SMG Media, Inc., No. 16-cv-7308 (JGK)(AJP)—Letter in Opposition to Defendant's Request for Pre-Motion Conference

**Dear Judge Koeltl:**

We represent Plaintiff Steven Hirsch ("Hirsch") in the above-referenced matter. We write to oppose Defendant SMG Media, Inc.'s ("SMG") summary judgment motion. We believe a summary judgment motion based on the grounds described in the SMG's letter would raise material issues of fact and would be meritless.

**FACTS**

This straight-forward case of copyright infringement involves Plaintiff Hirsch[1], a professional photojournalist and Defendant, a repeat infringer with several pending copyright infringement lawsuits in this District alone. Hirsch is a well-known photojournalist who freelances for the New York Post. He frequently covers court appearances of interest, takes photographs of notorious defendants and licenses these images to the Post. The Post always publishes Hirsch's photographs with gutter credit, identifying him as the photographer.

On February 16, 2016 Hirsch photographed Brandon Kiehm, a defendant facing fraud charges for taking advantage of women through Tinder, a popular match-making application. Brandon Kiehm captured many headlines when it came to light that he was posing as a relative of a cancer patients and defrauding his victims. Hirsch had the opportunity to photograph Brandon Kiehm on the latter's way out of court. He used his skill, talent and equipment to take the photograph of a moving subject. Not only was Kiehm moving, but he was also trying to avoid being noticed and photographed. Hirsch was able to take a very clear photograph of the defendant due to his experience and abilities. Despite SMG's insistence that Kiehm was not posed for the photograph, nor was the setting lit or staged, Hirsch contributed creatively and substantially by positioning the camera, making choices about exposure, light, camera lens and angle as well as many other decisions that had to be made instantly and effectively in order to capture the moment. Hirsch did much more, in fact, by relying on his expertise in taking photographs of other reluctant, camera-shy defendants.

On February 16, 2016, the New York Post published the article featuring the photograph in question, with a gutter credit identifying Hirsch as the photographer. The gutter credit appeared, as is customary in the newspaper business, immediately below the photograph. On February 18, 2017 Defendant's website, thefrisky.com, published an article about Brandon Kiehm. The article

---

[1] Plaintiff Hirsch is the remaining plaintiff in this case. Plaintiff Fran Janik voluntarily dismissed his case against the Defendant. He did so not because, as opposing counsel insists, his claim was meritless, but because Plaintiff Janik could not be produced for a deposition consistent with Hon. Judge Peck's Order.

prominently featured Hirsch's photograph.  Hirsch's gutter credit was removed.  Defendant did not have a license, permission nor consent to publish the photograph.

**DEFENDANT'S GROUNDS FOR SUMMARY JUDGMENT LACK MERIT**

1. HIRSCH HAS ESTABLSIHED REGISTRATION

With respect to the first challenge, Hirsch has a valid and enforceable copyright registration which he produced in discovery and referred to in the Complaint.  Pursuant to 17 U.S.C. § 410(c), "[a] certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright". Hamil Am. Inc. v. GFI, 193 F.3d 92, 98 (2d Cir. 1999) (citations omitted). This presumption of validity is rebutted, however, "where other evidence in the record casts doubt on the question", Urbont v. Sony Music Entm't, 831 F.3d 80, 88 (2d Cir. 2016) (internal quotations omitted), such as "proof of deliberate misrepresentation", Medforms, Inc. v. Healthcare Mgmt. Sols., Inc., 290 F.3d 98, 114 (2d Cir. 2002) (internal citations omitted); see also Eckes v. Card Prices Update, 736 F.2d 859, 861–62 (2d Cir. 1984) ("Only the knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitutes reason for holding the registration invalid and thus incapable of supporting of an infringement action.") (internal quotation marks, citations and alterations omitted); Tradescape.com v. Shivaram, 77 F.Supp.2d 408, 414–15 (2d Cir. 1999) (labeling the "deliberate misstatement" standard a "scienter" requirement). The party challenging the validity of the copyright registration bears the burden of rebutting the presumption. Urbont, 831 F.3d at 89 (quoting Hamil Am., Inc., 193 F.3d at 98).  *See PaySys Int'l, Inc. v. Atos Se, Worldline SA, Atos IT Servs. Ltd.*, No. 14-CV-10105 (KBF), 2016 WL 7181950, at *7 (S.D.N.Y. Dec. 8, 2016).

In this case, Hirsch's copyright registration has the presumption of validity unless the Defendant has met the burden of showing that a deliberate misstatement or some failure to advise the Copyright Office of facts which might have occasioned a rejection of his application.  Defendant does not, and cannot point to any deliberate misstatement to the Copyright Office that would have resulted in a rejection.  The Defendant cannot and will not meet its burden to rebut the presumption of validity.

Even if the Court finds that the record casts some doubt, which it does not, absent a showing that Hirsch defrauded or made a deliberate misrepresentation to the Copyright Office, a presumption of regularity and appropriateness in filing is ordinarily subsumed in the presumption of validity that attaches to a certificate of copyright registration. Hirsch's production is sufficient to withstand a ruling on summary judgment that the copyright is invalid.   Hirsch has therefore, at minimum raised an issue of material fact with respect to the first element of a copyright infringement action—ownership of a valid copyright.

2. FAIR USE FACTORS FAVOR THE PLAINTIFF

Similarly premature is the Defendant's defense of fair use.  The Second Circuit has long admonished courts from ruling on the defense of fair use prematurely.  In fact, the fair-use defense is so fact-sensitive that the Second Circuit has instructed district courts to be "cautious" in granting *summary judgment* motions on this issue. *Wright v. Warner Books, Inc.*, 953 F.2d 731, 735 (2d Cir. 1991); *see also Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006) ("[T]he determination of fair use is an open-ended and context-sensitive inquiry"); *Playboy Enters. Int'l v. Mediatakeout.com LLC*, 2016 WL 1023321 (S.D.N.Y. Mar. 8, 2016); *M. Shanken Commc'ns, Inc. v. Cigar500.com*, No. 07 CIV. 7371 (JGK), 2008 WL 2696168, at *10 (S.D.N.Y. July 7, 2008) ("court should be cautious in finding fair use as a matter of law even on a motion for summary judgment"); *LaChapelle v.*

*Fenty*, 812 F. Supp. 2d 434, 442 (S.D.N.Y. 2011)("Due to the fact-driven nature of the fair use determination 'courts have found that fair use is usually unsuited to summary disposition'")(internal citations omitted); *accord Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, No. 15-CV-4244 (JGK), 2016 WL 4747281, at *10 (S.D.N.Y. Sept. 12, 2016), *reconsideration denied*, No. 15-CV-4244 (JGK), 2016 WL 6652733 (S.D.N.Y. Nov. 10, 2016).

The Defendant, however, wrongly insists that the fair use defense applies to these set of facts. The use is not transformative, or is minimally so, and courts in this Circuit have held that the first factor is the most important factor. Even if the use is deemed news reporting and commentary, that alone is insufficient to find fair use. Specifically, if "the secondary use adds value to the original—if [copyrightable expression in the original work] is used as raw material, transformed in the creation of new information, new aesthetics, new insights and understandings—this is the very type of activity that the fair use doctrine intends to protect for the enrichment of society." *N. Jersey Media Grp. Inc. v. Pirro*, 74 F. Supp. 3d 605, 614–15 (S.D.N.Y. 2015) (internal quotation marks and citations omitted). That Court noted that "even if an infringer's purpose was distinct from that of the plaintiff's, such purpose, by itself, does not necessarily create new aesthetics or a new work that alters the original work with new expression, meaning, or message" *Id*. That decision also relied on *Monge v. Maya Magazines, Inc.,* 688 F.3d 1164, 1173, 1176 (9th Cir.2012) (concluding that a magazine's publication of copyrighted photographs as an exposé "sprinkled with written commentary" was "at best minimally transformative"). *N. Jersey Media* interprets the *Monge* decision to mean that a publication could not "simply take fair use refuge under the umbrella of news reporting." *N. Jersey Media Grp. Inc.,* 74 F. Supp. 3d, at 617. To be sure, neither news reporting nor commentary is a talisman of fair use. The less transformative the use, the more important the Defendant's commercial nature becomes. While the second factor is neutral, the third and fourth factors favor the Plaintiff. Defendant took the entire photograph and therefore usurped whatever market existed for that photograph. On balance, fair use factors favor Hirsch. But even if the Court finds that they do not, material questions of fact remain making a summary judgment premature.

3. HIRSCH'S WORK WAS REGISTERED WITHIN 3 MONTHS OF PUBLICATION

Strangely, the Defendant then challenges whether licensing a photograph to a major newspaper, such as the New York Post, constitutes publication for the purposes of the Copyright Act. This curious argument neglects a well-established principle that "[w]hen technological change has rendered its literal terms ambiguous, the Copyright Act must be construed in light of this basic purpose." *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 432, 104 S. Ct. 774, 783, 78 L. Ed. 2d 574 (1984) (internal citations omitted). The basic purpose is referring "the general benefits derived by the public from the labors of authors." *Id*. Here, publication on the New York Post's online edition is undoubtedly publication for the purposes of the Copyright Act. Even if the Court finds that this is a question of pure law, the Defendant's bizarre argument has no merit.

4. THE EXISTENCE OF A SCIENTER IS A MATERIAL QUESTION OF FACT

If Second Circuit precedent teaches us anything, it's that issues pertaining to whether a scienter has been established raised a material question of fact, better suited for to the jury than a summary judgment motion. *In re DDAVP Direct Purchaser Antitrust Litig.,* 585 F.3d 677, 693 (2d Cir.2009) (courts must be "lenient in allowing scienter issues") in reviewing whether a scienter requirement has been established. In fact, *In re DDAVP* the District Court's grant of a motion to dismiss was reversed because "scienter issues ... are appropriate for resolution by the trier of

fact….,"). *Id*. Even in cases involving a heightened pleading standard, which this is not, the Second Circuit has resolved that scienter issue are premature for a summary disposition. Even if the Court finds that the issue of scienter is not premature, Hirsch believes that the removal of his gutter credit sufficiently establishes the scienter.

**CONCLUSION**

Plaintiff believes that a summary judgment based on these grounds raises material issues of fact and is meritless.

Dated: June 8, 2017　　　　　　　　　　　　Respectfully Submitted,
　　　　Valley Stream, NY

　　　　　　　　　　　　　　　　　　　　/s/Yekaterina Tsyvkin
　　　　　　　　　　　　　　　　　　　　Yekaterina Tsyvkin

　　　　　　　　　　　　　　　　　　　　Liebowitz Law Firm PLLC
　　　　　　　　　　　　　　　　　　　　11 Sunrise Plaza, Suite 305
　　　　　　　　　　　　　　　　　　　　Valley Stream, NY  11580
　　　　　　　　　　　　　　　　　　　　Tel: (516) 233-1660
　　　　　　　　　　　　　　　　　　　　Fax: (516) 612-2740
　　　　　　　　　　　　　　　　　　　　kt@liebowitzlawfirm.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Steven Hirsch*