BY ECF                                                                                                June 13, 2017

Honorable Andrew J. Peck, U.S.M.J.
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007


Re:   *Fran Janik and Steven Hirsch v. SMG Media, Inc.*,
      Docket No. 1:16-cv-7308 (JGK)(AJP)

Dear Judge Peck,

We represent Plaintiff Steven Hirsch in the matter referenced above. We write in opposition to Defendant SMG Media, Inc.'s (SMG) request for a discovery sanctions. As Your Honor is aware, the Defendant intends to file a summary judgment motion in this case. A pre-motion conference in anticipation of this motion will be held at 11:30 AM on June 14, 2017 before Judge Koeltl. We respectfully ask that the Defendant's motion for discovery sanctions be denied as redundant to the finding of preclusion that Your Honor has already imposed on the Plaintiff.

**Facts**

Plaintiff's counsel discussed Plaintiff's availability for being deposed and was duly informed by the Plaintiff that he would be travelling from mid-May until Memorial Day. On May 12, 2017 we informed the Defendant's counsel that the noticed deposition date would not work for Plaintiff Hirsch. This unavailability was confirmed by Plaintiff's deposition testimony. Moreover, Plaintiff Hirsch immediately provided alternative dates of availability within two weeks of the initially proposed deposition date. Even though that did not satisfy Defendant's counsel, Plaintiff Hirsch was time and properly produced for deposition in compliance with the Court's Order on June 1, 2017.

It is a mischaracterization of Hirsch's testimony to say that he never saw SMG's document requests or interrogatories, as he admits that he discussed the substance of both and signed the interrogatories. Plaintiff Hirsch's Transcript at 39:12-25.

As far as other documents that could be potentially responsive to SMG's requests, Plaintiff confirmed that these documents were not specific to the photograph at issue, or even pertained to the specific assignment of covering the court appearance of Brandon Kiehm. Id. 72:21-73:4.

Throughout the Plaintiff's testimony, little more is illuminated than the fact that he is simply not good at keeping his records. Id. 76:3. He states that he doesn't know or have contracts that he has entered into, (Id. 88:24-90:7), he is not certain or does not recall whether the photograph was even on Splash. Plaintiff's omissions are not the result of bad faith or failure of due diligence but rather haphazard record-keeping.

To the extent that the Plaintiff couldn't find responsive documents or didn't produce them, Your Honor has already addressed that any deficiencies would have a preclusive effect on the Plaintiff, but not the Defendant. Hirsch has repeatedly indicated that some responsive documents may be available through the New York Post and Splash. If the Defendant believes these documents to be beneficial to its case, then he may subpoena them and reap the benefit. Your Honor even suggested that Plaintiff carry the financial burden of executing a subpoena. However, any measures more drastic than preclusion is unwarranted.

Now the Defendant's counsel, consistent with a pattern of overreach, seeks a Default Judgment or Dismissal with Prejudice. Defendant similarly sought an inappropriate remedy at the discovery conference on May 15, 2017 where counsel sought a Court's finding of fair use, based on a paucity, as he perceived it, of produced licensing agreements, as well as the last Rule 37.2 conference where another disproportionate remedy was sought. Your Honor aptly put an end to that request, advising Counsel "not to push your luck." We respectfully ask that the Court deem preclusion a sufficient remedy for any deficiency in Plaintiff's fulfilling his discovery obligations.

**Legal Standards for Sanctions such as Default Judgment or Dismissal with Prejudice**

The Court may impose spoliation sanctions pursuant to Fed. R. Civ. P. 37(e) "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Where the party that failed to preserve the electronically stored information ("ESI") "acted with the intent to deprive another party of the information's use in the litigation," the Court may "instruct the jury that it may or must presume the information was unfavorable to the party" or "dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2). *Hsueh v. N.Y. State Dep't of Fin. Servs.*, No. 15 CIV. 3401 (PAC), 2017 WL 1194706, at *3 (S.D.N.Y. Mar. 31, 2017). By Defendant's own letter motion, Rule 37(e) is inapplicable here, since the Defendant believes, mistakenly, that Hirsch's deleted evidence with the intent of destroying evidence. Rule 37(e) address only failure to take reasonable steps to preserve documents, not intentional spoliation that the Defendant, wrongly, insists on.

If a party ... fails to obey an order to provide or permit discovery," the district court may impose sanctions, including "rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b)(2)(A)(vi). However, Defendant seeks a disproportionate remedy -- dismissing a complaint or entering default judgment—both severe sanctions, appropriate only in "extreme situations," as "when a court finds willfulness, bad faith, or any fault on the part of the" noncompliant party. *See Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 764 (2d Cir.1990) (dismissal with prejudice as sanction for noncompliance with a discovery order held improper without prior notice), *rev'd on rehearing on ground that notice had in fact been given, id.* at 765, *cert. denied; see also Passe v. City of N.Y.,* No. CV026494ERKMDG, 2009 WL 290464, at *11 (E.D.N.Y. Jan. 5, 2009), *subsequently aff'd sub nom. Passe v. N.Y. City Dep't of Corr.,* 377 F. App'x 106 (2d Cir. 2010)(internal citation and quotation marks omitted); *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 450–51 (2d Cir. 2013). As we have shown, there was not willfulness or bad faith, but merely poor record keeping.

This Court, of course, has wide discretion to impose appropriate sanctions. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 135 (2d Cir.2007) (declining to enter default judgment). In exercising such discretion, "dismissal with prejudice for discovery failures is a harsh sanction, dismissal is appropriate only in extreme situations." *Passe v. City of N.Y.*, No. CV026494ERKMDG, 2009 WL 290464, at *11 (E.D.N.Y. Jan. 5, 2009), *subsequently aff'd sub nom. Passe v. N.Y. City Dep't of Corr.,* 377 F. App'x 106 (2d Cir. 2010)

*See e.g., Valentine v. Museum of Modern Art,* 29 F.3d 47, 49 (2d Cir.1994). The extreme sanction is appropriate "only after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice that violation of the court's order will result in a dismissal of the case with prejudice." *Simmons II v. Abruzzo,* 49 F.3d 83, 88 (2d Cir.1995); *see also Valentine,* 29 F.3d at 49; *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 764. More importantly, dismissal is appropriate only "after consideration of alternative, less drastic sanctions." *Marfia v. T.C. Ziraat Bankasi, New York Branch,* 100 F.3d 243, 253 (2d Cir.1996) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988)) (internal quotations omitted). As discussed previously, the predicates for extreme sanctions are simply not present in this case. Plaintiff is already precluded from introducing evidence not timely and properly produced, a less drastic remedy that adequately addresses the deficiencies in fulfilling his obligations.

Alternatively, Rule 41(b) of the Federal Rules of Civil Procedure governs the dismissal of an action or claim for plaintiff's failure to prosecute or comply with a court order. Rule 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). Dismissals pursuant to Rule 41 are also within the discretion of the court. *See Jackson v. City of New York,* 22 F.3d 71, 75 (2d Cir.1994) (internal citation omitted).

In considering whether dismissal is the proper action, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 193–94 (2d Cir.1999) (quoting *Nita v. Conn. Dept. of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994)). "Generally, no one factor is dispositive." *Passe v. City of N.Y.,* at *11.

In this case, the factors do not favor dismissal with prejudice. (1) Plaintiff's did not fail to comply with any specific order (2) Plaintiff was not specifically advised of a possible default judgment if his deposition testimony revealed discrepancies with document production. (3) Defendant is not prejudiced by further delay in the proceeding as no further delay would result from preclusion (4) Court's interest in managing the docket are well aligned with the Plaintiff's interest in getting a fair chance to be heard by precluding what the Plaintiff failed to produce. Finally, (5) Court should and has already adequately considered sanctions less drastic than dismissal with prejudice, namely preclusion. This is clearly, not the pervasive, abusive, ill-motivated behavior that deserves a dismissal with prejudice and we respectfully ask the Court to deny the Defendant's motion.

For the reasons stated above, the Plaintiffs respectfully requests that the Court deny the Defendant's motion for sanctions.


Respectfully Submitted,

/s/Yekaterina Tsyvkin
Yekaterina Tsyvkin
Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com
kt@liebowitzlawfirm.com
*Attorneys for Plaintiff Steven Hirsch*