UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRAN JANIK and STEVEN HIRSCH,

        Plaintiffs,

  - against -

SPIN MEDIA, INC.,

        Defendant.

---

16-cv-7308 (JGK)

MEMORANDUM OPINION & ORDER

JOHN G. KOELTL, District Judge:

The defendant, Spin Media, Inc., objects pursuant to Rule 72(a) of the Federal Rules of Civil Procedure to an order of Magistrate Judge Andrew J. Peck denying its motion for attorney's fees and costs pursuant to 17 U.S.C. § 505 against Fran Janik, one of the plaintiffs in this action.[1] For the following reasons, the Magistrate Judge's ruling is **vacated** and the matter is **remanded** for further consideration.

### I.

The following facts are undisputed.

In this case, Janik alleged that Spin Media committed copyright infringement, in violation of 17 U.S.C. §§ 106 and 501, and improperly managed identifying copyright information, in violation of 17 U.S.C. § 1202(b), by publishing without

---

[1] The Magistrate Judge also denied Spin Media's motion for attorney's fees and costs against Steven Hirsch, another plaintiff in this action. Spin Media has waived any objection to that decision.

proper authorization a photograph Janik had taken. Am. Compl. ¶¶ 8-9, 15-16, 19-33.

The Court referred Janik's case to the designated Magistrate Judge for general pretrial purposes, including all issues related to scheduling, discovery, non-dispositive pretrial motions, and settlement. Janik violated multiple court orders during the course of discovery, which resulted in the Magistrate Judge repeatedly imposing sanctions against him.

Janik last violated a court order when Spin Media noticed him for a deposition. Janik requested to appear at the deposition remotely, but the Magistrate Judge ordered him to appear in person. Rather than complying with the Magistrate Judge's order, Janik failed to appear for his deposition and moved to dismiss his case without prejudice in an effort to avoid further sanctions. The Magistrate Judge sanctioned Janik for failing to appear, denied Janik's motion to dismiss without prejudice, and informed Janik that additional sanctions would be levied against him unless he appeared in person for his deposition or moved to dismiss his case with prejudice. Janik then moved to dismiss his case with prejudice, and the Magistrate Judge granted the motion. Spin Media did not take a position on Janik's motion to dismiss with prejudice.

Following the dismissal of Janik's case, Spin Media moved for attorney's fees and costs pursuant to 17 U.S.C. § 505. The

Magistrate Judge denied Spin Media's motion with the following endorsement: "DENIED -- Dismissal was not a decision on the merits, as such."

This appeal challenging the Magistrate Judge's denial of attorney's fees and costs followed.

**II.**

Objections to a magistrate judge's ruling should be sustained only if the ruling was clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); In re Buspirone Patent Litig., 210 F.R.D. 43, 52 (S.D.N.Y. 2002). "An order is 'clearly erroneous' only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, No. 00-cv-5004, 2001 WL 1142231, at *1 (S.D.N.Y. Sept. 27, 2001) (internal quotation marks omitted). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal quotation marks omitted); see also Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004).

Spin Media argues that the Magistrate Judge's ruling was contrary to law for two reasons: (1) The Magistrate Judge erred in holding that a voluntary dismissal with prejudice is not a decision on the merits, and (2) the Magistrate Judge failed to

3

consider explicitly the factors enumerated in Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994).

**A.**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs . . . should be allowed to the prevailing party" in a civil action, and Rule 54(d)(2) permits a party to move for an award of attorney's fees. 17 U.S.C. § 505 provides that, in copyright actions, "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." See Zalewski v. Cicero Builder Dev., Inc., 754 F.3d 95, 108 (2d Cir. 2014). "[I]n general, a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." Dattner v. Conagra Foods, Inc., 458 F.3d 98, 101 (2d Cir. 2006) (per curiam).

A prevailing party for purposes of fees and costs is one who has benefitted from a court order that effects a "material alteration of the legal relationship of the parties." Garcia v. Yonker Sch. Dist., 561 F.3d 97, 102 (2d Cir. 2009) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)). An enforceable judgment on the merits is a "material alteration of the legal relationship of the parties." Buckhannon, 532 U.S. at 604.

Here, the Magistrate Judge ruled that Spin Media was not a prevailing party because Janik's voluntary dismissal with

4

prejudice was not an enforceable judgment on the merits. That ruling was in error. The Second Circuit Court of Appeals has held expressly that a voluntary dismissal with prejudice is an enforceable judgment on the merits for purposes of an award of attorney's fees and costs, and thus effects a "material alteration of the legal relationship of the parties." Carter v. Inc. Vill. of Ocean Beach, 759 F.3d 159, 165-66 (2d Cir. 2014) (quoting Buckhannon, 532 U.S. at 604).

In the face of that controlling precedent, Janik cites Colombrito v. Kelly, 764 F.2d 122 (2d Cir. 1985), and Nemeroff v. Abelson, 620 F.2d 339 (2d Cir. 1980) (per curiam), for the proposition that "generally the defendant is not considered the prevailing party when . . . there is a voluntary dismissal of the action by the plaintiff with prejudice." Colombrito, 764 F.2d at 130 (quoting Nemeroff, 620 F.2d at 350).

That rule, which appeared originally in Nemeroff, has been abandoned in light of subsequent decisions of the Supreme Court and the Second Circuit Court of Appeals. In Carter v. Incorporated Village of Ocean Beach, the Court of Appeals explained that "Nemeroff's general statement of fee-shifting law was dictum because the order of dismissal in that case expressly reserved defendants' right to move for costs." 795 F.3d at 165. Moreover, the Carter court concluded that "Nemeroff is . . . in tension with subsequent case law from the Supreme Court" --

5

specifically Buckhannon Board & Care Home, Inc. v. West Virgnia Department of Health & Human Resources, in which the Supreme Court clarified that courts must use the "material alteration" standard to determine whether a party is a prevailing party for purposes of fees. Carter, 795 F.3d at 165 (citing Buckhannon, 532 U.S. at 604). The Carter court further explained that a voluntary dismissal with prejudice works a material alteration in the legal relationship of the parties under Buckhannon "because it constitutes 'an adjudication on the merits for purposes of res judicata' and any action so dismissed could not be brought again." Id. (citation omitted) (quoting Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345 (2d Cir. 1995)). Thus, the court expressly "reject[ed]" the statement from Nemeroff on which Janik relies here and held that a voluntary dismissal with prejudice is an enforceable judgment on the merits which renders the defendant a prevailing party for purposes of federal fee-shifting statutes. Id. at 166.

The Magistrate Judge's conclusion that Janik's voluntary dismissal with prejudice is not an adjudication on the merits for purposes of fees and costs is therefore contrary to law. Spin Media is a prevailing party for purposes of Rule 54(d) of the Federal Rules of Civil Procedure and 17 U.S.C. § 505. Accordingly, the Magistrate Judge's decision is vacated and the

motion is remanded for an assessment of whether attorney's fees and/or costs are warranted in this case.

**B.**

The Magistrate Judge's denial of attorney's fees and costs cannot be affirmed on the alternative ground that it was not an abuse of discretion to find that fees and costs were not warranted on the facts of this case.

A court must make "clear finding[s]" in assessing whether a prevailing party is entitled to fees and costs under § 505. Matthew Bender & Co. v. West Pub. Co., 240 F.3d 116, 122 (2d Cir. 2001); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (explaining in the context of the federal civil rights fee-shifting statute that a court must "provide a concise but clear explanation of its reasons for the fee award"); In re Bolar Pharm. Co. Sec. Litig., 966 F.2d 731, 732 (2d Cir. 1982) (per curiam) (explaining in another attorney's fees context that a reviewing court cannot "be satisfied that a [lower] court has properly exercised its discretion" unless the lower court explains on the record why it "acted as it did").

In Fogerty v. Fantasy, Inc., the Supreme Court explained that any decision on a motion pursuant to 17 U.S.C. § 505 must include findings that demonstrate a consideration of the following "nonexclusive factors": "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal

components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." 510 U.S. at 534 n.19. The Supreme Court recently reaffirmed that a court "must" take these considerations into account in deciding a motion for fees in a copyright infringement case. Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1988 (2016); accord Zalewski, 754 F.3d at 108.

Here, the Magistrate Judge's decision does not contain any findings related to the Fogerty factors. The only reason the Magistrate Judge provided for denying fees and costs was that a voluntary dismissal with prejudice does not constitute a decision on the merits. On remand, the Magistrate Judge should consider explicitly the appropriate Fogerty factors in deciding Spin Media's motion for attorney's fees and costs.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, Spin Media's motion pursuant to Rule 72(a) of the Federal Rules of Civil Procedure is **granted,** the Magistrate Judge's decision regarding fees and costs as against Janik is **vacated,** and the matter is **remanded** for further consideration in light of this opinion.

**SO ORDERED.**

**Dated:** **New York, New York**
**December 4, 2017**

_____
John G. Koeltl
United States District Judge