**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN HIRSCH,<br><br>        Plaintiff,<br><br> - against –<br><br>SMG MEDIA, INC.,<br><br><br><br>        Defendant. | 1:16-cv-07308(JGK)(AJP)<br><br>ECF Case |

## DECLARATION OF RICHARD P. LIEBOWITZ IN OPPOSITION OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

I, Richard Liebowitz, hereby declare as follows:

1. I am an attorney with the Liebowitz Law Firm PLLC, where I am a partner. I represent the former Plaintiff Fran Janik in the above-captioned litigation. Unless otherwise specified, I have personal knowledge of the following facts.

**Photograph**

2. My client, Fran Janik, informed me that he is the sole author of the photograph at issue in this case. He took the photograph in Bob Guccione Jr.'s office in the early days of Spin Magazine.

3. Mr. Janik is a well-known professional music photographer.

4. At the time the photograph was taken Mr. Janik was a freelancer and he retained all the rights in his photographs.

5. Mr. Janik agreed to photograph Mr. Guccione Jr in his office for the limited purpose of promoting the latter's new music magazine.

6. Spin used the photograph in question in its 25th Anniversary Issue and then again in its 30th Anniversary Issue.

7. Spin did not ask Mr. Janik for permission nor consent to publish his photograph, nor did Spin get a license to publish the photograph.

8. When the photograph was published in Spin, copyright management information that credits Mr. Janik was missing.

9. In the past, as is customary, Spin would publish Mr. Janik's photographs with proper attribution/credit.

10. Mr. Janik's photographs always have copyright management information on them.

**Deposition**

11. Defendant noticed Mr. Janik's deposition on April 19, 2017. I contacted my client shortly thereafter. My client indicated that it was difficult for him to get to New York on May 17, 2017 for various reasons. I related a possibility of him appearing remotely via skype or perhaps postponing the deposition.

12. Over the next couple of weeks as the deposition date was approaching, Mr. Janik mentioned that he recently had hip replacement surgery that made travel difficult. Furthermore, as the deposition date approached, on May 12, 2017, he informed me that he had a death in the family and will not be able to make it to the deposition on May 17th. I related this information to opposing counsel on the same date.

13. As his attorney, I stressed the importance and possible implications of not complying with a court-ordered deposition. On May 15th, 2017 following the conference with the Court, Mr. Janik fully explained the myriad of medical and financial reasons that he could not make the trip to New York for his deposition on May 17th.

14. The following day on May 16th, Plaintiff asked the Court for leave to file a dismissal of his case without prejudice.  Defendant opposed the request.  The Court, however, did not have a chance to review the papers before May 17th.

15. On May 17th, Mr. Janik did not attend his deposition.

16. The Court subsequently re-ordered Mr. Janik to appear for a deposition on May 31st or, in the alternative, file a dismissal with prejudice as to Mr. Janik's claims.  The Court also ordered Plaintiff to pay for the costs of a busted deposition.

17. Plaintiff promptly paid the costs imposed by the Court and dismissed the case with prejudice, as instructed by the Court after confirming once more with Mr. Janik that he absolutely cannot be physically present in New York on May 31st.

**Settlement Negotiations**

18. From the beginning, Spin was an unwilling and unreasonable negotiation partner.  My client's case involved a particular set of facts, a unique and exclusive photograph with copyright management information on it.  The Defendant, instead, insisted that all 5 pending cases against it be settled for one paltry number.  This number was arbitrarily low and had nothing to do with the relative merits and/or weaknesses of 5 infringement suits pending against it.  As a policy, our firm does not settle cases in bulk.

19. On May 13, 2017 in order to avoid the difficulties of producing my client for a deposition in New York, I attempted to settle the case for what the Defendant had originally offered.  At that point, the Defendant knew that we had difficulties producing Mr. Janik in New York and its counsel could continue to Rule 37 motions and even get fees and costs on those motions.  Defendant was no longer a good-faith negotiator from that point on, opting to pursue its scorched-earth litigation tactics.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed this 15th day of December 2017, at New York, NY

*RIchard P. Liebowitz*
───────────────────
Richard P. Liebowitz